**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JUAN HERNANDEZ and JAMES DOSSETT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, <br><br> Defendant. | Case No. <br> (Class Action) <br><br> Jury Trial Demand |

**CLASS ACTION COMPLAINT**

## I.   INTRODUCTION

Houston police make hundreds of warrantless arrests every week. The Fourth Amendment to the United States Constitution and Texas state law require that anyone arrested without a warrant be released promptly—after 48 hours at the longest—unless a neutral magistrate has concluded that there was probable cause for her arrest and continued detention. Houston has a policy and practice of disregarding this simple obligation. Whenever the Harris County Jail (where Houston sends all warrantless arrestees for probable cause hearings) refuses to accept custody of an arrestee, or whenever Houston's own arrest procedures are delayed, Houston continues to detain arrestees in its jail cells without probable cause rather than release them after 48 hours as the Constitution requires. In July and August 2016 alone, there were hundreds of people arrested without a warrant who did not receive a probable cause determination within 48 hours but were still kept in City custody.

## II. NATURE OF THE ACTION[1]

1. The City of Houston arrests hundreds of people each week without a warrant. Misdemeanor and felony arrestees in City custody who do not post bail are eventually transferred to the Harris County Jail, where they receive probable cause hearings conducted by video. As a matter of policy and practice, the City of Houston does not provide probable cause determinations for warrantless arrestees in its custody. Probable cause determinations are provided only after an arrestee has been transferred to the Harris County Jail. When it takes longer than 48 hours to transfer an arrestee—and it often does—Houston, as a matter of policy and practice, simply continues to detain the arrestee rather than provide a prompt probable cause hearing or release. Plaintiffs, on behalf of themselves and all others similarly situated, seek compensatory damages for Houston's policy of detaining warrantless arrestees in violation of the United States Constitution and state law.

## III. JURISDICTION AND VENUE

2. This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

4. This Court has supplemental jurisdiction over the state law causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the federal law claim.

## IV. PARTIES

5. Named Plaintiff Juan Hernandez is a resident of Houston, Texas.

---

[1] Plaintiffs make the allegations in this Complaint based on personal knowledge as to matters in which they had personal involvement and on information and belief as to all other matters.

6. Named Plaintiff James Dossett is a resident of Baytown, Texas.

7. Defendant City of Houston is a municipal corporation organized under the laws of the State of Texas. It is the most populous city in Texas and is located in Harris County, the most populous county in the state. The City operates the Houston Police Department and the Houston Municipal Jail ("Houston Jail").

## V.  THE CITY OF HOUSTON'S PRACTICES

8. Approximately 80,000 people were arrested by the City of Houston in 2014 and 2015. Almost 90 percent of those people were arrested without a warrant.

9. As a matter of policy and practice, the City transfers felony and misdemeanor arrestees to the Harris County Jail for booking if they are unable to immediately pay a money bail amount set by a predetermined schedule. Harris County then assembles groups of arrestees to appear before a Harris County Hearing Officer for a probable cause hearing. These hearings occur by video link: the arrestees remain in the jail and a hearing officer and an assistant district attorney participate in the hearing from a room in the courthouse. The assistant district attorney reads the alleged facts supporting the charges against the arrestee, and the hearing officer determines whether there was probable cause for the arrest.

10. As a matter of policy and practice, judicial determinations of probable cause for warrantless arrests are not conducted while an individual is in the City of Houston's custody. They take place only after an arrestee has been transferred to the Harris County Jail.

11. Therefore, any individual arrested without a warrant who remains in the City of Houston's custody has not had a judicial determination of probable cause.

12. As a matter of policy and practice, the City does not release people who do not pay bail even if 48 hours or more have passed since their arrest.[2]

13. The Harris County Jail is notoriously overcrowded.[3] In July and August 2016, the overcrowding was so dire that the County told the Houston Police Department to stop transferring inmates to the County Jail, and refused to accept busloads of inmates from the Houston Jail.[4] A spokesman for the Harris County Sheriff's Office told the City that there was "no room at the inn."

14. As a result, many individuals arrested by the City without a warrant were kept in the Houston Jail longer than 48 hours without a judicial determination of probable cause. Booking records for 2016 show that in July and August alone, Houston held hundreds of inmates in its jail for longer than three days before transferring them to Harris County.

15. The large number of illegal detentions in July and August of 2016 reflects Houston's broad, longstanding, and consistent policy of refusing to release warrantless arrestees even if more than 48 hours have passed since their warrantless arrest. For example, booking

---

[2] Houston releases all arrestees who can pay predetermined financial conditions of release immediately. It keeps in detention only those who are unable to afford release. At no point do City officials conduct any inquiry into whether arrestees have the ability to pay the predetermined amount of money required for release.

[3] *See, e.g.*, St. John Barned-Smith, *Inmates transferred, jails overcrowded*, Houston Chronicle (Apr. 17, 2016), *available at* http://www.houstonchronicle.com/news/houston-texas/houston/article/Inmates-transferred-jails-overcrowded-7251977.php; Michael Barajas, *Why the Harris County Jail is Overcrowded with Legally Innocent People*, Houston Press (July 1, 2015), *available at* http://www.houstonpress.com/news/why-the-harris-county-jail-is-overcrowded-with-legally-innocent-people-7555627; Meagan Flynn, *Harris County Sheriff May Hand Over 17-Year-Olds to Private Prison Contractor*, Houston Press (Sept. 29, 2016), *available at* http://www.houstonpress.com/news/harris-county-sheriff-may-hand-over-17-year-olds-to-private-prison-contractor-8812196; Meagan Flynn, *Nearly 200 People Have Died in Harris County Sheriff's Office Custody in 10 Years*, Houston Press (Aug. 1, 2016), *available at* http://www.houstonpress.com/news/nearly-200-people-have-died-in-harris-county-sheriffs-office-custody-in-10-years-8616676.

[4] Meagan Flynn, *The Harris County Jail Got So Crowded the Sheriff Delayed Inmate Transfers*, Houston Press (Sept. 8, 2016), *available at* http://www.houstonpress.com/news/the-harris-county-jail-got-so-crowded-the-sheriff-delayed-inmate-transfers-8745391 (quoting Sheriff's Office Spokesman Ryan Sullivan as saying, "We couldn't keep up with the rate of people we had coming here. . . . We are limited to a certain number of people, and that's that.").

records show that one person arrested on July 25 did not receive a probable cause determination until July 31 (more than 144 hours after arrest); another person, arrested on July 23, did not receive a probable cause determination until July 30 (more than 168 hours after arrest); and at least 35 other people in the months of July and August waited more than four days (96 hours) between arrest and a probable cause determination.

16. The City of Houston "operates under a permanent injunction preventing it from detaining persons without a warrant for more than twenty-four hours without taking the person before a magistrate." *Lockett v. State*, 2006 WL 940648 at *1 (Tex. App. Apr. 13, 2006) (citing *Sanders v. City of Houston*, 543 F. Supp. 694 (S.D. Tex. 1982), *aff'd* 741 F.2d 1379 (5th Cir. 1984)).

17. As a practical matter, there is no reason to delay probable cause determinations beyond 24 hours, which is the time limit provided by local court rule for such hearings for misdemeanor defendants. *See* Harris Cnty. Crim. Ct. Rule 4.2. And, within counties that have more than three million residents—Harris County has approximately 4.1 million residents—Texas state law requires the detaining agency to release warrantless misdemeanor arrestees from jail without secured bail if probable cause has not been determined within 36 hours. Tex. Code Crim. Proc. Ann. art. 17.033 (West 2015). Harris County does not combine the probable cause hearing with other pretrial proceedings or the appointment of counsel, and it has robust technological resources to provide judicial probable cause findings well in advance of the 48-hour limit, even if an arrestee is not physically brought to the Harris County jail. The County conducts probable cause hearings by video link many times per day, throughout the day, every day of the year.

### Juan Hernandez

18. On January 7, 2016, at about 4:30 PM, Houston police officers arrested Juan Hernandez, without a warrant, for misdemeanor assault.

19. Mr. Hernandez's arrest was entered into the City of Houston's and Harris County's electronic records at 4:53 PM on January 7, 2016.

20. When Mr. Hernandez was brought to the Houston City Jail, a jail employee there told him that the Harris County Jail was full and that his transfer to Harris County would be delayed. She told Mr. Hernandez to "be patient."

21. Mr. Hernandez was not brought before a judge until January 9, 2016, at 6:00 PM. He had been held over 49 hours without receiving a judicial determination of probable cause.

22. Five days after his hearing—after a week in custody—Mr. Hernandez pled guilty. He was released and given community supervision without jail time.

### James Dossett

23. On January 7, 2016, at approximately 8:00 PM, Houston police officers arrested James Dossett, without a warrant, for possession of a controlled substance.

24. His arrest was entered into the City's computerized records at 8:10 PM that day.

25. Mr. Dossett was held in the Houston Jail until January 10, 2016, when he was transferred to the Harris County Jail and received a probable cause hearing by video link at 4:00 AM. He had been held for 56 hours without receiving a probable cause hearing.

26. While Mr. Dossett was held in City custody, his friends attempted to find him to bail him out. But they could not locate him until the fifth day of his detention, after he had already been transferred to County custody.

27.     Two days after his probable cause hearing, on January 12, 2016, Mr. Dossett posted bond through a surety and was released.

28.     On April 22, 2016, Harris County dropped the charges against Mr. Dossett. Court records indicate that no controlled substance was found in the evidence against him.

## VI.    CLASS ACTION

29.     The named Plaintiffs bring this action, on behalf of themselves and all others similarly situated, for the purpose of asserting the claims alleged in this Complaint on a common basis.

30.     A class action is a superior means, and the only practicable means, by which the named Plaintiffs and unknown Class Members can challenge the City's unlawful detention policy.

31.     This action is brought and may properly be maintained as a class action pursuant to Rule 23(a)(1)–(4) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32.     This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

33.     The named Plaintiff proposes a single Class seeking compensatory relief. The Class is defined as: All persons who were arrested without a warrant and who were detained by the City of Houston without the provision of a prompt judicial determination of probable cause— 48 hours at the longest—at any time within two years before the filing of this Complaint until the date of the order granting class certification.[5]

---

[5] The statute of limitations for both claims is two years. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Plaintiffs reserve the right to argue that under the circumstances of this case detaining warrantless arrestees for periods less than 48 hours may be unreasonable. *See Sanders v. City of Houston*, 543 F. Supp. 694 (S.D. Tex. 1982), *aff'd* 741 F.2d 1379 (5th Cir. 1984) (issuing a permanent injunction against the City of Houston enjoining it from detaining warrantless arrestees for more than 24 hours without a proper determination of probable cause; *see also Lockett v. State*, 2006 WL 940648 at *1 (Tex. App. Apr. 13, 2006) ("the Houston police department

**A.     Numerosity. Fed R. Civ. P. 23(a)(1)**

34.    The individuals in the class are so numerous that joinder of all members would be impractical.

35.    In June and July of 2016 alone, the City's records show that the City of Houston confined hundreds of warrantless arrestees longer than 48 hours without a judicial determination of probable cause.

36.    The City's records show that violations occurred throughout 2016. Thousands of arrestees were likely subjected to this policy during the class period. Because joinder of thousands of plaintiffs would be impracticable, this case satisfies the numerosity requirement.

**B.     Commonality. Fed. R. Civ. P. 23(a)(2)**

37.    The relief sought is common to all Class Members, and common questions of law and fact exist as to all Class Members. The named Plaintiffs seek relief concerning whether the City's policies, practices, and procedures violated the rights of the Class Members.

38.    Common legal and factual questions arise from one central scheme: the City's policy of detaining warrantless arrestees even beyond 48 hours when there has not been a probable cause determination by a neutral magistrate. The City has operated this policy openly and in materially the same manner every day. The resolution of these legal and factual issues will determine whether all of the Class Members are entitled to the relief that they seek.

39.    There are questions of law and fact common to all Class Members. Among these common questions are:

   a.    Whether it violates the United States Constitution to detain warrantless arrestees for unreasonable periods of time, including in excess of 48 hours, without a judicial determination of probable cause for the detention;

---

operates under a permanent injunction preventing it from detaining persons without a warrant for more than twenty-four hours without taking the person before a magistrate.").

8

      b.      Whether it violates state law to detain warrantless arrestees for unreasonable periods of time, including in excess of 48 hours, without a judicial determination of probable cause for the detention;

      c.      Whether the City of Houston maintained a policy, custom, or widespread practice of detaining warrantless arrestees for unreasonable periods of time, including routinely in excess of 48 hours, without a judicial determination of probable cause for the detention.

### C.  Typicality.  Fed. R. Civ. P. 23(a)(3).

40.  The named Plaintiffs' claims are typical of the claims of the other Class Members, and the named Plaintiffs have the same interests in this case as all other Class Members. Each Class Member was arrested without a warrant and did not receive a probable cause hearing within a reasonable period of time. Each was kept in custody longer than 48 hours without a judicial determination of probable cause. Defendant City of Houston failed to release each of the Class Members after 48 hours had passed without a judicial determination of probable cause. The answer to whether the City maintains an unlawful policy of detaining warrantless arrestees for an unreasonable period, including for longer than 48 hours, in the absence of a judicial determination of probable cause will determine the claims of the named Plaintiffs and every other Class Member.

41.  If the named Plaintiffs succeed in their claims that the City's policies and practices concerning warrantless arrestees violate their rights, that ruling will likewise benefit every other member of the Class.

### D.  Adequacy.  Fed. R. Civ. P. 23(a)(4).

42.  The named Plaintiffs are adequate representatives of the Class because their interest in the vindication of the legal claims that they raise is entirely aligned with the interests of the other Class Members, each of whom has the same basic constitutional and statutory claims. The named Plaintiffs are members of the Class, and there are no known conflicts of

interest among the members of the Class, all of whom have a similar interest in vindicating their constitutional rights in the face of Defendant's policy.

43. Plaintiffs are represented by attorneys from Civil Rights Corps, the Texas Fair Defense Project, and Kirkland & Ellis LLP, who have experience in litigating complex civil rights matters in federal court and extensive knowledge of both the details of Defendant's scheme and the relevant constitutional and statutory law. Counsel from Civil Rights Corps has been lead counsel in well over a dozen major federal class actions challenging the constitutionality of post-arrest systems in Alabama, Georgia, Louisiana, Mississippi, Missouri, Texas, and other states.

44. Class counsel have conducted an investigation into the City of Houston's policy of detaining arrestees for longer than 48 hours without a judicial determination of probable cause and the near constant overcrowding in Harris County Jail. This investigation has included interviews with witnesses, city officials and employees, inmates, attorneys practicing in courts throughout the region, community members, and national experts in constitutional law, post-arrest procedure, law enforcement, judicial procedures, criminal law, pretrial services, and jails.

45. Class counsel have a detailed understanding of state law and practices as they relate to federal constitutional requirements. Counsel have studied the way that these systems function in other cities and counties in order to investigate the wide array of lawful options available to municipalities who seek to comply with the Constitution.

46. As a result, counsel have devoted significant time and resources to becoming intimately familiar with the City's scheme and with the relevant state and federal laws and procedures that can and should govern it. The interests of the Class Members will be fairly and adequately protected by the Plaintiffs and their attorneys.

**E.     Rule 23(b)(3)**

47.     Class treatment under Rule 23(b)(3) is appropriate because common questions of law and fact overwhelmingly predominate over individual ones and a class action is the only practicable way—and, therefore, the superior way—of resolving this case.  This case turns, for every Class Member, on what the City's policies and practices were and whether those policies were lawful.

48.     The common questions of law and fact listed above are dispositive questions in the case of every Class Member.  The question of liability can therefore be determined on a class-wide basis.  Class-wide treatment of liability is a far superior method of determining the content and legality of the City's policies and practices than individual suits by hundreds or thousands of arrestees.

49.     The question of damages will also be driven by class-wide determinations of common questions, such as the policies, practices, and conditions at the Houston Jail. To the extent that individual damages will vary, they will vary depending in large part on the amount of time the individual was unlawfully jailed.  Determining damages for individual Class Members can be handled in a ministerial fashion based on easily verifiable records of the length of unlawful incarceration.  If need be, damages sub-classes can be formed, and individual damages hearings based on special circumstances can be held, after class-wide liability is determined—a method far more efficient than litigating hundreds or thousands of individual lawsuits on the merits.

**VII.   CLAIMS FOR RELIEF**

> *Count One*:  **Defendant Violated Plaintiffs' Fourth and Fourteenth Amendment Rights by Failing to Release Them When They Did Not Receive A Timely Judicial Determination of Probable Cause**

50.     Plaintiffs incorporate by reference the allegations in paragraphs 1-49.

11

51. The Fourth Amendment requires a prompt judicial determination of probable cause after a warrantless arrest. *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Gerstein v. Pugh*, 420 U.S. 103 (1975). This constitutional provision is presumptively violated after 48 hours absent extraordinary circumstances, which are not present here.[6] Defendant violated Plaintiffs' rights by failing to release them after it failed to provide a prompt judicial determination of probable cause.

> *Count Two*: **Defendant Falsely Imprisoned Plaintiffs by Failing to Release Them When They Did Not Receive A Timely Judicial Determination of Probable Cause as Required by Texas State Law**

52. Plaintiffs incorporate by reference the allegations in paragraphs 1-51.

53. The City of Houston may not detain someone without the person's consent and without a legal basis for the detention. Houston falsely imprisoned the named Plaintiffs when it detained them in jail without a prompt judicial determination of probable cause. That detention was unlawful under the Fourth and Fourteenth Amendments to the United States Constitution and Articles 14.06(a), 15.17(a), and 17.033 of the Texas Code of Criminal Procedure, which require the City to bring warrantless arrestees before a neutral magistrate within 48 hours.

## VIII. REQUESTS FOR RELIEF

WHEREFORE, the named Plaintiffs, on behalf of themselves and a class of others similarly situated, request that this Court issue the following relief:

a. A judgment compensating named Plaintiffs and the Class Members for the damages they suffered as a result of Defendant's unconstitutional and unlawful conduct.

b. An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and 18 U.S.C. § 1964, and any other relief this Court deems just and proper.

---

[6] *See, e.g.*, *Waganfeald v. Gusman*, 674 F.3d 475 (5th Cir. 2012) (finding that the detention of warrantless arrestees in New Orleans during Hurricane Katrina fell within the emergency exception to *McLaughlin*'s 48-hour rule).

Dated: December 5, 2016

Respectfully submitted,

*/s/ Rebecca Bernhardt*

Rebecca Bernhardt (TX Bar No. 24001729)
*Attorney-in-Charge*
Susanne Pringle (TX Bar No. 24083686)
Texas Fair Defense Project
314 E Highland Mall Blvd, Suite 108
Austin, Texas 78752
(512) 637-5220
rbernhardt@fairdefense.org
springle@fairdefense.org

*/s/ Charles Gerstein*

Charles Gerstein
(*Pro hac vice* application forthcoming)
Alec Karakatsanis
Civil Rights Corps
910 17th Street NW, Fifth Floor
Washington, DC 20001
(202) 681-2409
charlie@civilrightscorp.org
alec@civilrightscorps.org

*/s/ Patrick King*

Patrick King
Kirkland & Ellis LLP
600 Travis Street, Suite 330
Houston, Texas 77002
(713) 835-3600 Telephone
(713) 835-3601 Facsimile
patrick.king@kirkland.com

Andrew Genser
(*Pro hac vice* application forthcoming)
Amanda Elbogen
(*Pro hac vice* application forthcoming)
Kirkland & Ellis LLP
601 Lexington Ave
New York, NY 10022
(212) 446-4800 Telephone
(212) 446-4900 Facsimile
agenser@kirkland.com
amanda.elbogen@kirkland.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December 2016, a true and correct copy of the foregoing was sent to:

Ronald C. Lewis
City of Houston Legal Department
900 Bagby St, 4th Floor
Houston, TX 77002

                                          */s/ Patrick King*
                                          Patrick King