UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3577 |
| | § | |
| CITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

**I.  INTRODUCTION**

Before the Court is the defendant's, City of Houston (the City), amended motion to dismiss or, in the alternative, amended motion for summary judgment [DE# 25] and the plaintiff's, Juan Hernandez, Dequan Kirkwood, Kent Wheatfall, and Manuel Trevino, on behalf of themselves and all others similarly situated, response [DE# 26] to the City's motion(s). The Court, having fully considered the motion(s) and response, the memoranda in support and in opposition and the Memorandum and Opinion – Finding of Fact and Conclusions of Law in a related case, determines that the City's motion should be denied. *See Maranda Lynn O'Donnell, et. al. v. Harris County, Texas, et. al.,* [CA No. H-16-1414 [DE# 302].

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

This suit was filed as an original complaint by plaintiffs, Hernandez and Dossett. The City filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6) and agreed, alternatively, that a summary judgment was proper under FRCP 56 [DE# 15]. In response, Dossett voluntarily dismissed his claims and Hernandez amended his suit adding Kirkwood, Wheatfall and Trevino as additional plaintiffs.

*See* [DE# 18 and 19]. Thereafter, the City promptly amended its motion seeking the same relief previously sought [DE# 25].

## III. THE CONTENTIONS OF THE PARTIES

### A. *The Plaintiffs' Contentions*

The plaintiffs assert that the City makes approximately 80,000 arrests persons each year. Ninety percent, they assert, are warrantless arrests. In the instance where the person arrested cannot pay a pre-set secured money bail immediately, he or she is held in City jail until the Harris County [the County] jail officials effect a transfer to its facility. Only after the person arrested is transferred does he or she receive a probable cause hearing. The plaintiffs assert that of the 80,000 persons arrested, several hundred, perhaps as many as 1,000, are detained in the City jail in excess of 48 hours without a probable cause hearing or other judicial authorization. Both the Mayor and the Chief of Police of the City are aware of this practice and even acknowledge the truth of the plaintiff's statements.

In their pleadings each of the plaintiffs contends that he was held in the City's jail for more than 48 hours without a judicial determination or a probable cause hearing. In separate pleadings, Kirwood asserts that:

> On July 25, 2016, DeQuan Kirkwood drove to visit his probation officer. (¶ 40.) When he arrived, Houston police officers arrested Mr. Kirkwood for evading arrest with a vehicle. (¶ 41.) Mr. Kirkwood's arrest was entered into the City's and the County's electronic records at 11:15 PM on July 25, 2016. (¶ 42.) According to the County's publicly available records, on July 28, 2016, at 1:23 AM, more than 50 hours later, Mr. Kirkwood was transferred to Harris County custody. (¶ 43.)
>
> At 7:00 AM on July 28, 2016—more than 55 hours after his arrest—Mr. Kirkwood appeared for his probable cause hearing. (¶ 44.) The judge found that there was no probable cause for Mr. Kirkwood's arrest and continued detention. (¶ 46.) Mr. Kirkwood was promptly released. (¶ 46.)

*See Kirkwood* [DE# 26, at p. 6]. In like manner, Trevino asserts that he was held over 48 hours. He asserts that:

> On July 27, 2016, Manuel Trevino was visiting a friend's house when the Houston Police arrived and searched the house without a warrant. (¶ 47.) The police found narcotics in the home, and arrested Mr. Trevino, along with others in the house. Mr. Trevino's arrest was entered into the City's and the County's electronic records at 1:55 PM on July 27, 2016. (¶ 48.)
>
> According to the County's publicly available records, on July 30, 2016, at 10:42 PM, Mr. Trevino was booked into Harris County custody. (¶ 49.) He had been detained in City custody 7 for almost 81 hours without a probable cause hearing. According to the City's arrest data, Mr. Trevino was released from the City's custody on July 30, 2016, at 9:39 PM, almost 80 hours after his arrest. (¶ 50.)
>
> On July 31, 2016, at 10:00 PM, a judge found probable cause for his arrest and continued detention, *i.e.*, almost 104 hours after his arrest. (¶ 52.) On October 28, 2016, Mr. Trevino pleaded guilty and received a deferred adjudication. (¶ 53.) He was not sentenced to any jail time, and his sentence was not credited with any time he spent in pre-trial custody.

*See Trevino* [DE# 26 at pp. 6-7]. Wheatfall, also a plaintiff, asserts that his pleadings render the City's motions a nullity. He asserts that he, too, was held in excess of 48 hours before receiving a probable cause hearing. He pleads the follows:

> Kent Wheatfall is a retired U.S. Postal Service worker. (¶ 54.) On January 7, 2016, Mr. Wheatfall was arrested for aggravated assault. (¶ 55.) Mr. Wheatfall's arrest was entered into the City's and the County's electronic records at 10:30 PM on January 7, 2016. According to the County's publicly available records, on January 10, 2016, at 1:52 AM, Mr. Wheatfall was booked into County custody. (¶ 56.) At that point, he had been in Houston custody for more than 51 hours. At 4:00 AM that day—more than 53 hours after his arrest—Mr. Wheatfall received a probable cause hearing, where a judge found probable cause for his arrest and continued detention.
>
> On February 4, 2016, Mr. Wheatfall was released on a surety bond. (¶ 58.) He was indicted on February 18, 2016. (*Id*.) On May 17, 2016, Mr. Wheatfall was rearrested, and could not make bail. (¶ 59.) He was held until he pleaded guilty and received a deferred adjudication on

> February 10, 2017. (*Id.*) He was not sentenced to any jail time, and his sentence was not credited with any time he spent in pre-trial custody. (*Id.*)

*See Wheatfall* [DE# 26, p. 7]. Finally, the plaintiff, Hernandez contends that like Wheatfall, Kirkwood and Trevino, he was detained by the City in violation of the federal Constitution. In his pleadings, he asserts:

> On January 7, 2016, at about 4:30 PM, Houston police officers arrested Juan Hernandez, without a warrant, for misdemeanor assault. (¶ 60.) Mr. Hernandez's arrest was entered into the City's and the County's electronic records at 4:53 PM on January 7, 2016. (¶ 61.)
>
> When Mr. Hernandez was brought to the City Jail, a jail employee there told him that the County Jail was full and that his transfer to Harris County would be delayed. (¶ 62.) She told Mr. Hernandez to "be patient." (¶ 62.) Later on, Mr. Hernandez saw a City Jail employee that he knew and the employee said: "You still here? You should've been gone by now." (¶ 63.)
>
> According to the County's publicly available records, on January 10, 2016, at 12:49 AM, Mr. Hernandez was booked into County custody without having received a probable cause hearing—almost 56 hours after his arrest. (¶ 64.) Mr. Hernandez remembers being held for three days in the City jail. (¶ 65.) Although, the County's records reflect that Mr. Hernandez was booked into County custody about 56 hours after his arrest, the records reflect that he received a probable cause hearing before a judge on January 9, 2016, at 6:00 PM—more than 49 hours after his arrest. (¶ 66.) Five days after his hearing—after a week in custody—Mr. Hernandez pleaded guilty. (¶ 68.) He was released and given community supervision without jail time, and his sentence was not credited with any time he spent in pre-trial custody.

In summary, the plaintiffs contend that the City has established a "policy and practice" *i.e.,* "do not release arrested until [Harris County] can take them, even though there has been no neutral finding of probable cause." Arguing further, the plaintiffs contend that it is the City's responsibility to ensure that arrests are promptly brought before a magistrate or release them. Failing, the City violates both state and federal law by illegally detaining the plaintiffs.

### B. The City's Contentions

The City seeks dismissal of the plaintiffs' suit or alternatively a summary judgment that terminates the plaintiffs' suit. In three contentions, the City asserts that:

(1) The plaintiffs have failed to state a § 1983 claim against the City because the plaintiffs "concede that their constitutional deprivations, if any, were caused by the policies if Harris County, which is not the City's agent or subject to the City's control." *See* 42 U.S.C. § 1983. In this regard, the City points to the "exceptionally high burden" that is imposed on a litigant who seeks to establish municipal liability under *Monell*. *See Monell v. New York Dep't of Social Services*, 436 U.S. 658 (1978). Nevertheless, the City concedes that § 1983 authorizes suits for constitutional deprivations where the government's conduct either by edits or by custom and practice, even though not formal edits by a governing body operates in such a manner that it may be said represents official policy. *Id.* at 690-91, 94. In further argument, the City argues that the plaintiffs cannot "aggregate" the City's alleged policies with those of the County, and to assert that the City's failure to transfer arrestees to outlying counties where a magistrate judge is available, does not constitute a constitutional violation;

(2) The City contends that the plaintiff's individual claims fail because, as to Hernandez, he was not held by the City more than 48 hours, citing to compliance with state law. *See* Tex. Code. Crim. Proc. § 15.17(a). With regard to Wheatfall, Kirkwood and Trevino, the City asserts that they were in the City's custody over 48 hours but due to "extraordinary circumstances." The City attributes the delay in transferring the arrestees to the lack of availability of a judge because the

County canceled the "drags [?] for prisoner transport." Therefore, any delay was due to acts of the County, not the City. In this regard, the City analyzes its circumstance to that in *Waganfeald v. Gusman,* 674 F.3d 475, 582 (5th Cir. 2012). There, the Circuit Court, allegedly, excused the delay in releasing arrestees due to Hurricane Katrina. *See also Brown v. Sudduth*, 675 F.3d 472 (5th Cir. 2012). [Here, the Circuit Court declared the unavailability of a magistrate judge as an extraordinary circumstance thus excusing delay in releasing arrestees];

(3) Finally, the City asserts that the plaintiff's do not have standing to assert a cause of action against the City under the Texas Code of Criminal Procedure. The City points to case law authority from the state Supreme Court where, it asserts, the court held that persons claiming injury by the application of the Penal Code or the Code of Criminal Procedure have no common law remedy. *See City of Beaumont v. Bouillion*, 896 S.W. 2d 143, 150 (Tex. 1995). Therefore, the City urges the Court to dismiss any state common law claim that the plaintiffs allege arises as a result of alleged violations of Texas code of Criminal Procedures, sections 14.06(a); 15.17(a) and 17.033(a-1) and/or (b).

## IV. STANDARDS OF REVIEW

### A. *Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v.*

*McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not

whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### B. *Summary Judgment Standard*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006). Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164. To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact.

*Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

The City asserts that FRCP 12(b)(6) dictates that the plaintiffs' suit be dismissed because the plaintiffs' pleading fail to assert factual claim allegations that apply to the City. In this regard, the City asserts that the plaintiffs' pleadings fail to state facts from which a reasonable inference of wrongdoing or misconduct may be drawn for which the City might be held liable.

The Court accepts the well-pleaded facts stated in the plaintiffs amended complaint and concludes that, on its face, a plausible claim is stated. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On its face, the plaintiff's complaint asserts that the City's policymakers have adopted a policy or practice of failing to release arrestees for an unreasonable period of time without providing the arrestees with a probable cause hearing and that that practice is the "moving force" behind the plaintiffs' allegations of violations of federal Constitutional and state law. The City, all but admits that these facts are true yet argues that extraordinary circumstances or Harris County is the cause.

The Court holds that the City claim of extraordinary circumstances is merely a defense to an otherwise legitimate claim. Whether the City's defense(s) carry the day, rest on a determination of disputed facts and law. The Court accepts the well-pleaded facts in the plaintiffs' amended complaint as true and determines that the City's motion to dismiss should be denied.

The City also seeks summary judgment on the plaintiffs' § 1983 claims. In order for the plaintiffs to prevail on their § 1983 claim they must establish that a policymaker, by edit or by

established practice permitted a violation of a constitutional right which violation is the "moving force" of the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The alleged unconstitutional conduct must be directly attributable to the municipality. *Id.* at 578. Assuming the plaintiffs' pleading to be true, the plaintiffs have stated a custom or practice that is directly related to the plaintiffs' claim for constitutional deprivation. It might be said that the City violates both state and federal law, but places the blame on Harris County. It is of no consequence that state common law does not provide a remedy for the City's conduct. Assuming a violation of the plaintiffs' Fourth and/or Eighth Amendment rights to a prompt detention hearing, a state law violation may show deliberate indifference on the part of the City. *See Jackler v. Byrne* 658 F.3d 225, 236 (2nd Cir. 2011). A disrespect and disregard for a known statute may become a method or means by which a federal Constitutional right is abridged. *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010).

The City argues that it has no control over the arrestees and that it is not the City's fault that the arrestees do not receive timely Constitutional probable cause hearings. This argument suggests that the City is at the "mercy" of Harris County. If that is the case, that fact establishes the City's policy. The City becomes an agent for Harris County and/or an "aider and abetter" in Harris County's unconstitutional conduct. This is so because the City has consistently participated in Harris County's alleged conduct with full knowledge of the constitutional implications; yet, over the years has failed to demonstrate governance over its own affairs and the City's separate duty to comply with federal law. Such knowledge and conduct demonstrates a course of conduct that may be determined as callous to the plaintiffs' alleged violations. *See Zarnow*, 614 F.3d at 169 (5th Cir. 2010).

Therefore, the Court is of the opinion that disputed fact issue also defeats the City's amended motion for summary judgment. The motion is Denied in the entirety.

It is so Ordered.

SIGNED on this 6th day of June, 2017.

                                              Kenneth M. Hoyt
                                              United States District Judge