IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN HERNANDEZ, DEQUAN KIRKWOOD, MANUEL TREVINO, and KENT WHEATFALL, on behalf of themselves and all other similarly situated, *Plaintiffs*, v. THE CITY OF HOUSTON, TEXAS, *Defendant.* | § § § § § § § § § § |

CIVIL ACTION NO. 4:16-cv-03577

## PROTECTIVE ORDER

WHEREAS, the undersigned parties and other parties from whom discovery may be sought in the course of the above-captioned action (the "Litigation") may be required to disclose Confidential Information and/or Highly Confidential Information ("the Designated Information") as each is defined below and within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS the unrestricted disclosure of Confidential Information and/or Highly Confidential Information would result in significant injury to third parties;

WHEREAS, the undersigned parties desire to establish rules and procedures to protect against disclosure of Confidential Information or Highly Confidential Information and further desire to establish rules and procedures to govern the treatment, and preserve the privileged or protected status, of materials protected by the attorney-client privilege or the attorney work product doctrine ("Privileged Materials") inadvertently produced in the Litigation;

WHEREAS, the undersigned parties, through their respective counsel, have agreed to the following rules and procedures governing the use, dissemination, and disclosure of Confidential Information or Highly Confidential Information in this Litigation; and

1

WHEREAS, the Court has found good cause for the entry of this Stipulated Confidentiality Agreement and Protective Order;

It is on this _____ day of _____, 2017, hereby

ORDERED:

This Stipulated Confidentiality Agreement and Protective Order ("Protective Order") shall be applicable to and govern all Confidential Information and Highly Confidential Information (the "Designated Information"), as defined below, contained in documents produced by the parties, directly or indirectly, by or on behalf of any party to the Litigation, or by any third party.

1. Terms

    (a) "Confidential Information" is information obtained from the Internal Affairs Division files of the Houston Police Department (HPD), including any files reflecting investigations of or disciplinary actions taken against HPD officers, pursuant to Section 143.1214(b) of the Local Government Code.

    (b) "Highly Confidential Information" is information that (1) identifies the names of a victim of sexual assault; (2) identifies the names of a minor identified as a crime victim; or (3) identifies the social security numbers, dates of birth, addresses or personal contact information for any victims or witnesses described in 1(a)-(b).

2. Designation

    (a) To designate any material as Confidential, a party shall mark all or part of the document in which the materials appears as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    (b) Designated Information shall not include any material that:

        (i) is, at the time of disclosure, in the public domain, by publication or otherwise, other than as a result of a breach of this Agreement;

2

   (ii)  becomes, at any time, other than as a result of a breach of this Agreement and through no other act or failure to act on the part of the party seeking discovery, part of the public domain;

   (iii)  is already in the possession of the party seeking discovery at the time of disclosure of the material and was not acquired directly or indirectly from the party claiming that such material contains protected information; or,

   (iv)  is made available to a party other than a party to this Litigation who obtained same by lawful means and without any obligation of confidence to the party claiming that such material contains protected information.

  (c)  If any party inadvertently fails to designate any document or information as Confidential or Highly Confidential, it may correct its error at any time, utilizing the following procedures:  Upon learning that protected information was produced without the appropriate designation, the producing party shall immediately provide notice of the omission to the recipient and, at the producing party's option, either provide substituted copies of the information, appropriately marked, or instruct the recipient to mark the undesignated or incorrectly designated material with the appropriate legend.  Upon receiving notice of an omitted designation, it shall be the duty of the recipient party to return all identified unmarked material in the possession of that party or in the possession of persons to whom such document or information has been provided, and all copies thereof, to the designating party within five (5) business days of any written notice requesting their return, or to immediately label the document or information appropriately as requested by the designating party.  No provision in this Protective Order shall affect a party's

right to object on waiver grounds, or any other ground that would otherwise be available under applicable law.

3. Limitations On Use

(a) A party shall not use any Designated Information for any purpose other than in connection with the preparation, trial and appeal, including retrials, of this Litigation. Nothing shall prevent disclosure beyond the terms of this Protective Order if the designating party consents in writing to such disclosures.

4. Permitted Disclosures

(a) Confidential Information shall not be disclosed to, discussed with, or used by anyone except:

    (i) Attorneys for the parties to this action;

    (ii) Employees of or independent contractors retained by any law firm appearing of record in this action including paralegals and secretaries, to the extent necessary to enable counsel to represent their client(s) in connection with this Litigation;

    (iii) Expert consultants or witnesses retained by a party or its counsel in connection with this Litigation, provided each executes a Certificate of Acknowledgement in the form attached hereto as "Exhibit A" and agrees to be bound by the terms of this Agreement prior to having access to such information;

    (iv) The Court in this Litigation and its employees, as well as Court reporters, the jury or others present at trial or depositions held in this matter with the consent of counsel;

      (v)    With respect to any item designated by any party as Confidential Information, any person or persons who prepared or assisted in the preparation of that particular document or to whom copies thereof were addressed or delivered;

      (vi)    Defendants, their officers, directors, employees and any person designated to speak for defendants under Rule 30(b)(6), Fed. R. Civ. P.; and

      (vii)    The named plaintiffs in this action, to the extent necessary to participate in this Litigation.

(b)    Except as provided in Section 4(c), below, the documents or information designated as Highly Confidential shall not be disclosed to, discussed with, or used by anyone except persons indicated in Sections 4(a)(i) through 4(a)(vi) above.

(c)    A party who, in good faith, wants to show Highly Confidential Information to a person in Section 4(a)(vii) above, must (on a document by document basis with reference to specific production number(s)) request permission from the designating party and state the good faith ground(s) for such request. Consent to a request made in accordance with the terms and conditions of this Section 4(c) shall not be withheld by the designating party unless it is commercially reasonable to maintain the restrictions provided for in Section 4(b) above. In the event of any dispute with regard to a request made, or consent withheld, pursuant to this Section 4(c), the parties shall meet and confer in good faith in an attempt to resolve the dispute. If the dispute cannot be resolved by the parties within ten (10) days, the party seeking relief from the restrictions of Section 4(b) may apply to the Court for relief. If any such application is made to

the Court, the burden of establishing that the material at issue is entitled to protection from disclosure shall be on the designating party.

5. Depositions

(a) Designated Information may be used at the deposition of any individual authorized by the terms of this Protective Order to receive such Information.

(b) When material disclosed during a deposition is designated as Confidential or Highly Confidential at the time the testimony is given, the reporter shall mark the face of the transcript with the legend, "PORTIONS OF THIS TRANSCRIPT ARE DESIGNATED AS CONFIDENTIAL/HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", as appropriate.

(c) Counsel for each party shall ensure that the portion of the transcript and any materials that are designated Confidential or Highly Confidential are redacted or removed from transcripts prior to such transcripts being provided by the counsel for the respective party to any person to whom disclosure of such material is not permitted under this Protective Order.

(d) In the event a deposition transcript contains Designated Information, only those portions containing Designated Information are restricted from disclosure.

6. Challenge to Designation

(a) No party concedes that any document or information marked Confidential or Highly Confidential by another party or the Court Reporter, does, in fact, contain such Designated Information, and each party reserves the right to challenge said designation as set forth below.

(b) Prior to making a designation that a document or information contains Confidential or Highly Confidential information, a party must make a good faith determination on a page-by-page basis that the material does, in fact, contain such information.

6

(c) If a party disagrees with a designation of any document or information, the party will so notify the designating party in writing that it objects to the designation (a "Designation Objection"). Challenge to a deposition designation may be made either upon the record of the deposition or as provided in the preceding sentence. A Designation Objection may be made at any time in the litigation.

(d) In the event of a Designation Objection as set forth in paragraph (c), the parties shall attempt to resolve the dispute in good faith on an expedited and informal basis. If the Designation Objection cannot be informally resolved within ten (10) business days of receipt of the Designation Objection, the party making the Designation Objection shall apply to the Court pursuant to L. Civ. R. 37.2 and 37.3(c) for an appropriate ruling. On any such motion, the burden of establishing that the material is entitled to protection from disclosure shall be on the designating party. The material shall continue to be treated as Confidential Information or Highly Confidential Information until the Court rules to the contrary. If, at the end of the ten (10) business day period, the objecting party has not applied for an appropriate ruling from the court, each challenged document shall maintain its protected status and shall continue to be subject to the terms of this order.

(e) A party shall not be obligated to challenge the propriety of the designation of documents or information at the time of production, and failure to do so shall not preclude a subsequent challenge to any such designation.

(f) Nothing in this Protective Order is intended to diminish the designating party's burden of demonstrating that a document contains Designated Information.

7. Filing Under Seal

(a) All portions of documents to be filed with the Court that disclose Designated Information shall be filed pursuant to the procedures set forth in this paragraph.

(i) If a document that discloses Designated Information produced by the submitting party is to be filed with the Court, then it may, at the submitting party's option, be filed along with a motion to seal. The submitting party shall simultaneously file for public review a redacted copy of the filing, which redacts only those portions of the filing that disclose Designated Information (the "Redacted Version"). The temporary seal shall remain in place until resolution of the submitting party's motion to seal.

(ii) If a document disclosing Designated Information produced by a party other than the submitting party is to be filed with the Court, then the submitting party shall file the document along with an application for temporary seal and notify the producing party of such. In any case where the submitting party has filed an application to temporarily seal the Designated Information of another party, the temporary seal will expire ten (10) calendar days after filing, unless the producing party files a motion to seal and submits a Redacted Version, in which case the temporary seal shall remain in place until resolution of the producing party's motion to seal.

(iii) If a document disclosing Designated Information produced by both the submitting party and a non-submitting party is to be filed with the Court, then the submitting party may, at its option, file a motion to seal its Designated Information at the time of filing, and shall file an application for temporary seal with respect to the Designated

8

                Information of the non-submitting party, and notify the non-submitting party of such. In any case where the submitting party has filed both a motion to seal its Designated Information and an application to temporarily seal the Designated Information of the non-submitting party, the temporary seal will expire ten (10) calendar days after filing, unless the non-submitting party files a motion to seal and the parties jointly file a Redacted Version, in which case the temporary seal shall remain in place until resolution of the motions to seal.

      (iv)    Notwithstanding any of foregoing, if documents disclosing Personal Confidential Information are to be filed with the Court, then regardless of which party produced those documents, the submitting party must file an application for temporary seal with respect to such Personal Confidential Information, and notify the non-submitting party of such. The temporary seal will expire ten (10) calendar days after filing, unless either party files a motion to seal and submits a Redacted Version, in which case the temporary seal shall remain in place until resolution of the motion to seal.

    (b)    The filing of an application for temporary seal is without prejudice to the submitting party's ability to oppose the motion to seal, or to otherwise take advantage of the provisions of this Protective Order to contest the designating party's designations. In all cases, the designating party shall bear the burden of persuasion on any motion to seal.

  (c) Any Designated Information that the Court orders to be sealed shall remain sealed until otherwise ordered by the Court.

  (d) The parties will, at the appropriate time, negotiate in good faith any rules and procedures for the use or submission at trial of Designated Information, subject to the Court's approval.

 8. Agreement by Disclosees

  (a) Independent experts and consultants retained in this action may deem it necessary for the preparation or trial of this case to review Designated Information and may do so provided that any such actual or contemplated expert or consultant shall execute a Certificate of Acknowledgement in the form attached hereto as "Exhibit A," prior to having access to such information.

  (b) All signed Certificates of Acknowledgment shall be maintained by counsel. In the event a party believes, in good faith, that there has been a violation of this Protective Order, that party shall notify the opposing party in writing of such alleged violation and may demand a copy of the executed Certificate of Acknowledgment, which copy shall be produced within seven (7) business days of receipt of the demand.

  (c) By execution of the Certificate of Acknowledgment, each person to whom disclosure of Designated Information is made pursuant to the terms of this Protective Order, shall subject himself to the jurisdiction of this Court for the purpose of contempt or other proceedings in the event of any violation of this Protective Order.

 9. Inadvertent Production Not a Waiver

  (a) The inadvertent production of Privileged Material does not constitute a waiver of any privilege or protection which may apply to such documents, materials, or information inadvertently produced.  In no event, however, shall any provision in this Protective

Order be construed to alter the legal definition of "inadvertent," to reduce or diminish the standard or showing required to establish that the production of materials was truly inadvertent, or to provide protection from disclosure as governed by applicable law.

    (b)  If a producing party inadvertently produces Privileged Material in this Litigation, the producing party shall promptly make a good-faith representation that such production was inadvertent and take prompt remedial action to withdraw the disclosure. Within five (5) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity which were inadvertently produced. The receiving party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently produced Privileged Material; provided, however, that this Order shall not preclude the party returning such information from making a motion seeking to compel production of the returned information on grounds other than the fact of the inadvertent production itself. The producing party shall retain copies of all returned documents and tangible items for further disposition and, if such a motion is filed, shall provide copies to the Court of the documents or information which are the subject of the motion.

    (c)  A party that discovers it has received documents or information designated as, or that appear by their plain terms to be Privileged Materials shall immediately disclose to the producing party the specific documents or information (referencing bates numbers or other identifying marks, if available) which appear to be Privileged Materials and inquire in writing whether the production of the materials was inadvertent (a "Privilege Inquiry"). Within ten (10) business days of receipt of the Privilege Inquiry, the producing party shall notify the receiving party in writing whether the production was inadvertent. If the producing party does not respond

within the ten (10) business days, the producing party waives all attorney-client privilege or work product protection with respect to the particular materials identified. During the ten (10) business day period, counsel for the receiving party shall retain all copies of the materials and shall not review, disclose, disseminate, analyze, reference or otherwise use the materials.

    (d) Should the parties be unable to agree upon the return of such documents and information because of a good faith argument that no privilege or work product protection is applicable, the party asserting the privilege or work product protection shall have the burden of establishing the privilege or work product protection upon application to the Court pursuant to L. Civ. R. 37.1.  If the document or information is returned to the producing party or upon order of the Court, the production of the document or information shall not constitute a waiver of any privilege or work product protection.

    (e) A party objecting to an assertion of the attorney-client privilege or work product protection, nevertheless, shall comply with the protocol set forth herein pending resolution of the Litigation.

    (f) This Protective Order shall not preclude or limit any party's right to oppose discovery on any ground that would otherwise be available.

    (g) If a producing party produces, inadvertently or otherwise, Designated Information to a third-party not authorized to receive such information as set forth in this Protective Order, the producing party shall take prompt remedial action to withdraw the disclosure and retrieve all copies of the disclosed information.  The parties retain all rights to pursue any available remedy for violation of the terms of this Protective Order.

10. Subpoena

(a) A party to this action who is served with a subpoena for the production of any Designated Information received from the other party shall give notice of such subpoena to the other party's counsel of record in this Litigation. Such notice shall:

(i) be provided promptly and with sufficient advance notice to enable the other party to file a motion for a protective order or a motion to quash the subpoena; and

(ii) include a copy of the subpoena and all attachments thereto, the requested date of production and the actual date on which the subpoenaed party intends to produce Designated Information pursuant to the subpoena.

11. Return or Destruction of Materials

(a) Within 60 days after a judgment or order fully disposing of this Litigation becomes final (i.e., no longer subject to appeal), documents marked Confidential or Highly Confidential shall be returned to the attorneys for the respective parties or destroyed by the receiving party. In the event the receiving party elects to destroy the produced documents, the attorneys for such party shall provide an affidavit from the party's attorney within the aforementioned sixty (60) day period, attesting that all produced documents have been destroyed. It is the duty of the attorneys for the receiving party to ensure that all documents are in fact destroyed and/or returned within the designated time frame. It is also the duty of the attorneys for the receiving party to ensure that Designated Information that was disseminated to a non- party, as authorized by the terms of this Protective Order, is in fact destroyed and/or returned within the designated time frame. Nothing in this paragraph shall be construed to prevent the attorneys for either party from retaining an internal copy set of all pleadings, correspondence and a complete

set of all discovery relating to this litigation, provided, however, that no dissemination of such materials may be made in contravention of the terms of this Protective Order.

12. No Waiver:

(a) The parties shall not be deemed by the entry of this Protective Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this action.

(b) The taking of, or failure to take, any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Protective Order.

(c) Nothing in this Protective Order, nor the production by any party in the action, shall be deemed a waiver of any privilege with respect thereto in any other action or proceeding, or a waiver of any privilege applicable to any information other than the specific information so produced in these actions, or of the right of the parties to oppose production of any information. Nothing in this Protective Order shall prevent the undersigned counsel from retaining a file copy of their own work product or of deposition transcripts which might reference Confidential Information.

(d) In the event of any inadvertent disclosure of any Designated Information (as the concept of "inadvertent disclosure" is defined by applicable law), the parties reserve all rights that they may have as a matter of law with respect to such inadvertent disclosure, but in no event shall any provision in this Protective Order be construed to provide any greater or lesser protection against inadvertent disclosure than that provided by applicable law.

13. Jurisdiction:

The Court shall retain jurisdiction to enforce this Protective Order, make amendments, modifications, and additions to this Protective Order as the Court may, from time to time, deem appropriate, and resolve any disputes about the designation of Designated Information.

14. Penalties for Breach:

The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions where appropriate.

15. Right to Seek Amendments:

(a) Nothing in this Protective Order shall be deemed to prevent any party from seeking amendments hereto to restrict the rights of access and use of documents and the information referred to herein, or to allow access to persons not included within the terms of this Protective Order. Nothing contained herein shall preclude a disclosing party from using or disseminating its own Designated Information. If, however, the disclosing party disseminates its own information in a manner that is inconsistent with the terms of this Protective Order, those documents shall lose their status as Confidential or Highly Confidential information, as applicable.

(b) The parties may amend this Protective Order by mutual agreement in a writing signed by an authorized representative of each party and approved by the Court.

16. Applicability to Non-Parties

Non-parties who produce documents or information in this matter may avail themselves of the benefits of this Protective Order to the same extent as parties and references to parties in this Protective Order shall include non-parties for purposes of facilitating disclosure and allowing enforcement of this Protective Order.

17. Survival of Terms

The terms of this Order shall survive the termination of this action and continue in full force and effect.

The parties consent to the form and entry of this Stipulated Confidentiality Agreement and Protective Order and agree to be bound by its terms as of the date first submitted to the Court for execution.

SO ORDERED this \_\_\_\_ day of _____2017:

_____
United States District Judge

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **JUAN HERNANDEZ, DEQUAN** § | |
| **KIRKWOOD, MANUEL TREVINO, and** § | |
| **KENT WHEATFALL, on behalf of** § | |
| **themselves and all other similarly situated,** § | |
| *Plaintiffs,* § | |
| **v.** § | **CIVIL ACTION NO. 4:16-cv-03577** |
| § | |
| **THE CITY OF HOUSTON, TEXAS,** § | |
| *Defendant.* § | |

**CERTIFICATE OF ACKNOWLEDGMENT**

I, _____, being duly sworn, state that:

      1.      My present address is _____. My present employer is _____, and the address of my present employer is _____. My present occupation is _____. My telephone number is _____.

      2.      I have received a copy of the Confidentiality Agreement and Protective Order in the above referenced action. I have carefully read and understand the provisions of the Confidentiality Agreement and Protective Order.

      3.      I will comply with all of the provisions of the Confidentiality Agreement and Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Agreement and Protective Order, and will use only for purposes of this action, any Confidential or Highly Confidential information marked as such ("Designated Information") including the substance of and any copy, summary, abstract, excerpt, index or description of such information that is disclosed to me.

      4.      I will return all Designated Information that has or will come into my possession and all documents and things that I have prepared relating thereto, to counsel for the party from whom I received such material.

      5.      I understand that if I violate the provisions of the Confidentiality Agreement and Protective Order, I may be subject to sanctions by the Court, and that the parties, or any one of them, may seek other remedies against me. I hereby submit to the jurisdiction of the United States District Court, Eastern District of New York, or any other court to which this matter may be transferred, for the purpose of enforcement of the Order.

DATED: _____

                                        _____
                                        Print Name: