Case 4:16-cv-03577   Document 154   Filed on 07/03/19 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
July 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 4:16-CV-3577 |
| | § | |
| THE CITY OF HOUSTON, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

This matter is before the Court on the plaintiffs' motion for class certification. (Dkt. Nos. 86). The defendant, the City of Houston, has filed a response in opposition to the motion (Dkt. No. 112), the plaintiffs have filed a reply (Dkt. No. 115), and the City of Houston has filed a sur-reply. (Dkt. No. 119). After having carefully considered the plaintiffs' motion, the opposition and reply briefs filed thereto, and the applicable law, the Court determines that the plaintiffs' motion for class certification should be **GRANTED**.

**II.   BACKGROUND**

The named plaintiffs, Juan Hernandez, DeQuan Kirkwood, Manuel Trevino, Kent Wheatfall, and Eric Aguirre (collectively, the "plaintiffs"), are five individuals who were arrested without a warrant after December 5, 2014, and detained by the City of Houston either for more than 48 hours *or* for more than 24 hours but less than 48 hours. The defendant is the City of Houston, Texas ("the City"). The plaintiffs have initiated this lawsuit against the City, alleging that the City routinely and callously disregards the Fourth Amendment to the U. S. Constitution and Texas state law by arresting individuals without a

warrant and detaining them in the City of Houston Jail for unreasonable periods of detention, without the requisite judicial probable cause determination.

Specifically, the plaintiffs contend that as a matter of policy and practice, probable cause determinations for warrantless arrestees in the City's custody, who have not otherwise posted bail, are provided only after the arrestees have been transferred to the Harris County Jail. The plaintiffs maintain that whenever it takes longer than 48 hours to transfer such arrestees to the Harris County Jail, the City, as a matter of practice and custom, continues to detain the arrestees in its jail cells, without a neutral probable cause finding, instead of releasing them after 48 hours as the Fourth Amendment requires.

The plaintiffs have commenced this action pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the U.S. Constitution and Texas law seeking compensatory damages for the City's practice and custom of overdetaining warrantless arrestees. They now seek certification of the following classes:

> **Class A**: All people arrested without a warrant after December 5, 2014, and detained by the City of Houston for more than 48 hours.
>
> **Class B**: All people arrested without a warrant after December 5, 2014, and detained by the City of Houston for more than 24 hours and less than 48 hours.

The City, in opposition, disputes the plaintiffs' allegations and argues that the plaintiffs' case is fundamentally flawed. It maintains that such delays, if any, are due to extraordinary circumstances, such as overcrowding. Further, the City opposes certification, claiming that the plaintiffs have failed to meet their burden of proof necessary to certify a class under Rule 23 of the Federal Rules of Civil Procedure. Specifically, the City argues that: (1) under Rule 23(a)(1), the plaintiffs' claims of numerosity are inaccurate; (2) under

Rule 23(a)(2), the plaintiffs' Class A and Class B claims lack commonality and cannot be resolved class-wide; (3) under Rule 23(a)(3), the plaintiffs' Class A and Class B claims are not typical of the claims of the putative class members; (4) under Rule 23(a)(4), the named plaintiffs would be inadequate class representatives; and (5) under Rule 23(b)(3), individual issues predominate over common questions and a class action is not the superior method for resolving the plaintiffs' claims.

### III.   LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure governs federal class actions. *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). "The party seeking [class] certification bears the burden of establishing that *all* requirements of Rule 23 have been satisfied." *Id.* (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479 - 80 (5th Cir. 2001) (emphasis in original)). To certify a class, a plaintiff must show that the putative class meets the four prerequisites contained in Rule 23(a),[1] which are often referred to as "numerosity, commonality, typicality, and adequacy of representation." *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008); *see also* Fed. R. Civ. P. 23(a). In addition to the aforementioned prerequisites, a plaintiff must establish that the action satisfies at least one of the three enumerated categories contained in Rule 23(b). *Gene*, 541 F.3d at 325 (citing

---

[1] Rule 23(a) of the Federal Rules of Civil Procedure specifically provides:

> **(a) Prerequisites.**  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> **(1)** the class is so numerous that joinder of all members is impracticable; **(2)** there are questions of law or fact common to the class; **(3)** the claims or defenses of the representative parties are typical of the claims or defenses of the class; and **(4)** the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ .P. 23(a).

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 - 14, 117 S. Ct. 2231, 138 L. Ed.2d 689 (1997)).

Although a district court has broad discretion when deciding whether to certify a class, a court must, nonetheless, exercise that discretion "within the framework of [R]ule 23." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100, 101 S. Ct. 2193, 2200, 68 L. Ed.2d 693 (1981)). District courts are to "conduct a 'rigorous analysis of the Rule 23 prerequisites' before certifying a class." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003) (quoting *Castano*, 84 F.3d at 740). When performing such an analysis, a district court is permitted to "look beyond the pleadings to 'understand the claims, defenses, relevant facts, and applicable substantive law'" in order to make a determination as to whether Rule 23's prerequisites have been satisfied. *O'Sullivan*, 319 F.3d at 738 (quoting *Castano*, 84 F.3d at 744).

IV. **ANALYSIS AND DISCUSSION**

    A. **Prerequisites Under Fed. R. Civ. P. Rule 23(a)**

        1. **Rule 23(a)(1): Numerosity**

In order to satisfy the first prerequisite under Rule 23(a), the numerosity requirement, a plaintiff must demonstrate that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A "mere allegation that the class is too numerous to make joinder practicable" will not suffice. *Pederson v. La. State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000) (quoting *Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 833 (5th Cir. 1983)). Instead, "a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." *Pederson*, 213 F.3d at 868 (quoting *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981)). Generally,

a class of more than 40 members is presumptively sufficient to satisfy the numerosity requirement. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (citing 1 *Newberg on Class Actions* § 3.05, at 3–25 (3d ed. 1992) ("suggesting that any class consisting of more than forty members 'should raise a presumption that joinder is impracticable'")).

The plaintiffs have tendered a spreadsheet, produced by the City, reflecting the jail, arrest, and charging information for all individuals arrested during the class period. (*See* Dkt. No. 86, Ex. 1). Based on the spreadsheet, the plaintiffs contend that the City detained "at least 1,560 people in excess of 48 hours and at least 6,111 people in excess of 24 hours, all without the constitutionally required finding of probable cause." (Dkt. No. 86 at 3; *see also* Ex. 1). The members of the proposed classes are ascertainable using objective standards and the data submitted. While the City disputes the accuracy of the plaintiffs' calculations, asserting that "[e]liminating persons who were the subject of issued warrants at the time of their arrest [would] yield[] a materially smaller number of people," it, nevertheless, concedes that even a few hundred class members would suffice to satisfy Rule 23(a)'s numerosity requirement. (Dkt. No. 112 at 22). Since the number of individuals who were detained for the requisite timeframes during the class period is quite substantial, and more likely than not greater than 100, the Court concludes that the number of potential class members in this lawsuit satisfies the numerosity requirement. *See Mullen*, 186 F.3d at 624 – 25.

### 2. Rule 23(a)(2): Commonality

In order to establish the second prerequisite under Rule 23(a), the commonality requirement, a plaintiff must demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The threshold for establishing the commonality

requirement is not extraordinary and merely aims, at least partly, at "determining whether there is a need for combined treatment and a benefit to be derived therefrom." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986) (internal citations omitted). To satisfy the commonality prerequisite, "plaintiff[s] need only show that 'there is at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Doiron v. Conseco Health Ins. Co.*, No. 07-30357, 2008 WL 2199821, *2 (5th Cir. May 28, 2008) (quoting *Forbush v. J.C. Penney Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993) (citation omitted)).

The issue, however, "need not relate specifically to the damages component of the class members' claims." *In re Deepwater Horizon*, 739 F.3d 790, 810 (5th Cir. 2014). Rather, "the legal requirement that class members have all 'suffered the same injury' can be satisfied by an instance of the defendant's injurious conduct, even when the resulting injurious effects—the damages—are diverse." *Id.* at 810 – 11. The fact "[t]hat some of the plaintiffs may have different claims, or claims that may require some individualized analysis, is not fatal to [the] commonality" requirement. *Doiron*, 2008 WL 2199821, at *2 (internal quotations and citation omitted).

The City maintains that the plaintiffs have failed to satisfy the commonality requirements with regard to the proposed classes because neither Class A nor Class B's claims can be resolved class-wide and the City's defenses are plaintiff-specific. (*See* Dkt. No. 112 at 15 – 18). These alleged disparities, without more, are insufficient to defeat the commonality requirement. *See Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) ("Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be *common* to

the class, and that the named plaintiff demonstrate a personal interest or 'threat of injury . . . [that] is 'real and immediate,' not 'conjectural' or 'hypothetical.'") (internal citations omitted). In this case, there are questions of law and fact that are common to the class, such as whether the City has a policy or follows an alleged practice or custom of overdetention and whether such overdetention violates the Constitution and/or Texas state law. Despite the factual distinctions that might differentiate one class member from another, all purported class members will share these common questions. Accordingly, the Court determines that the plaintiffs have satisfied the commonality requirement.

### 3. Rule 23(a)(3): Typicality

To satisfy the third prerequisite under Rule 23(a), the typicality requirement, a plaintiff must demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Much like the test for commonality, "the test for typicality is not demanding." *Mullen*, 186 F.3d at 625. The typicality test "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Id.* (quoting *Lightbourn v. Cty. of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). The Supreme Court has explained the test as follows:

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13, 102 S. Ct. 2364, 2371, 72 L. Ed. 2d 740 (1982).

The City argues that the named plaintiffs' damages are not typical of the classes they seek to represent, as each seeks individualized damages. (*See* Dkt. No. 112 at 15 – 18). This variance, alone, is not fatal to a finding of typicality, as diverse injurious effects, such as damages, are permitted as long as the named plaintiffs' injuries arise from the same course of conduct that gives rise to the other putative class members' claims. *See In re Deepwater Horizon*, 739 F.3d at 810 – 811. Here, the named plaintiffs' claims are typical of the claims of the putative class members because they arise from an identical factual predicate and/or the same course of conduct and are premised on the same legal theory. The fact that some class members may have been overdetained for varying lengths of time is not determinative. Thus, the Court determines that the plaintiffs have satisfied the typicality requirement.

### 4. Rule 23(a)(4): Adequacy of Representation

To meet the prerequisites of Rule 23(a)(4), the adequacy of representation requirement, the plaintiffs are required to establish that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Stated another way, "the court must find that class representatives, their counsel, and the relationship between the two are adequate to protect the interests of absent class members." *Unger*, 401 F.3d at 321 (citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002)). "The adequacy inquiry . . . 'serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent.'" *Berger*, 257 F.3d at 479 - 80 (5th Cir. 2001) (quoting *Amchem*, 521 U.S. at 625). Class representatives are required to have a sufficient level of knowledge and understanding so as to be capable of prosecuting or controlling the litigation. *See Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 - 30 (5th Cir. 2005). Likewise, class counsel must be competent and zealous; all representatives must possess a willingness and

ability "to take an active role in and control the litigation and to protect the interests of absentees." *Id.* at 130 (internal citations omitted). "Differences between named plaintiffs and class members [will] render the named plaintiffs inadequate representatives *only* where those differences create conflicts between the named plaintiffs' and the class members' interest." *Berger*, 257 F.3d at 480 (emphasis added); *see also Mullen*, 186 F.3d at 626 (acknowledging that while the differences described by the defendant could create variances in the ways that the named plaintiffs and putative class members prove causation and damages, the alignment of their interests will not be affected).

      The City challenges the named plaintiffs' adequacy on various grounds, namely that they lack sufficient knowledge and understanding of this case to adequately serve as class representatives and direct or control the instant litigation. The City does not, however, dispute class counsel's adequacy and extensive litigation experience. Such adequacy is well established in the records now before the Court. With regard to the named plaintiffs, the City has set forth no evidence supporting a disparity between the interests of the named plaintiffs and those of the absent class members. Nor has it tendered any evidence of any internal class conflicts. The plaintiffs, on the other hand, have demonstrated that no conflicts of interest exist between the named plaintiffs and the putative class members. The plaintiffs have also established that the named plaintiffs share the same interest as the putative class members, in that they have suffered the same harm as that encountered by other putative members, and have a general understanding of their position as plaintiff representatives and knowledge concerning the wrongdoing alleged against the class as a whole. Accordingly, this Court determines that the plaintiffs have satisfied the adequacy of representation requirement.

### B.     Prerequisites Under Fed. R. Civ. P. Rule 23(b)(3)

After Rule 23(a)'s prerequisites are satisfied, a putative class must demonstrate that it qualifies under one of Rule 23(b)'s categories. *See* Fed. R. Civ. P. 23(b). In this case, the plaintiffs seek to certify Class A and Class B under Rule 23(b)(3).[2] "To gain class certification under Rule 23(b)(3), a proposed class must satisfy Rule 23(a) and '[c]ommon questions must 'predominate over any questions affecting only individual members'[,] and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'" *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 525 (5th Cir. 2007) (quoting *Amchem*, 521 U.S. at 615, 117 S. Ct. at 2246) (quoting Fed. R. Civ. P. 23(b)(3)). The first prong of Rule 23(b)(3), the predominance inquiry, "is 'more demanding than the commonality requirement of Rule 23(a)' and requires courts 'to consider how a trial on the merits would be conducted if a class were certified.'" *Maldonado*, 493 F.3d at 525 (quoting *Bell Atl. Corp. v. AT & T Corp.*, 339 F.3d 294, 301 - 02 (5th Cir. 2003) (internal quotation marks omitted).

---

[2] Rule 23(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> **(b) Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:
>
> > **(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
> >
> > > **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
> > > **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
> > > **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> > > **(D)** the likely difficulties in managing a class action.

Fed. R. Civ .P. 23(b)(3).

The City argues that individual issues of law and fact predominate over common ones. This Court does not agree, as the plaintiffs have shown that the factual and legal issues that are common to the class members predominate over any such individualized issues. Indeed, the dominant issues in this case hinge on liability derived from the same course of conduct and premised on the same legal theory. The fact that the damages award for each class member may vary does not preclude a finding that common questions of law and fact predominate over any individualized issues because, here, the plaintiffs seek to litigate only the issue of general damages on a class-wide basis. Specifically, the plaintiffs "propose that the Court ask the jury to determine the appropriate general damages for each hour of unlawful detention but . . . leave any question of specific damages to individual resolution." (Dkt. No. 86 at 14); *see also In re Deepwater Horizon*, 739 F.3d at 815 - 16 (quoting *Bell Atl.*, 339 F.3d at 306) ("'Even wide disparity among class members as to the amount of damages' does not preclude class certification 'and courts, therefore, have certified classes even in light of the need for individualized calculations of damages.'"). Under these circumstances, this Court determines that the predominance prerequisite has been satisfied.

The second prong of Rule 23(b)(3) requires that a class action be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The superiority requirement is "fact-specific and will vary depending on the circumstances of any given case." *In re TWL Corp.*, 712 F.3d 886, 896 (5th Cir. 2013) (quoting *Robertson v. Monsanto Co.*, 287 Fed. Appx. 354, 361 (5th Cir. 2008)). When, as here, the potential individual recovery for extremely similar individual claims is so slight that it would not be economically efficient to maintain individual lawsuits, class treatment is appropriate. *See Castano*, 84 F.3d at 748 ("The most compelling rationale for finding

superiority in a class action [is] the existence of a negative value suit."). Thus, the Court determines that a class action is superior to other mechanisms for adjudicating the underlying controversy.

## V. CONCLUSION

Based on the foregoing, the plaintiffs' motion for class certification is **GRANTED**.

**It is so ORDERED**.

SIGNED on this 3rd day of July, 2019.

_____
Kenneth M. Hoyt
United States District Judge