# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ, DEQUAN | § | |
| KIRKWOOD, MANUEL TREVINO, | § | |
| KENT WHEATFALL, and | § | |
| ERIC AGUIRRE | § | |
| on behalf of themselves and all other | § | |
| similarly situated, | § | |
| *Plaintiffs,* | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-03577 |
| | § | |
| THE CITY OF HOUSTON, TEXAS, | § | |
| *Defendant.* | § | |

# THE CITY OF HOUSTON, TEXAS'S
## <u>MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL</u>

**<u>TABLE OF CONTENTS</u>**

*Page*

TABLE OF AUTHORITIES ..................................................................................ii

STATEMENT OF THE ISSUE ........................................................................... 1

BACKGROUND ................................................................................................. 1

SUMMARY OF THE ARGUMENT .................................................................. 2

ARGUMENT....................................................................................................... 3

1.    The City Will Likely Succeed On The Merits Of Its Appeal Of This Court's
      Class Certification Order.......................................................................... 4

      A.    The Court Failed To Conduct A Rigorous Analysis In Support Of Its
            Class Certification Order........................................................... 4

      B.    The Court's Class Certification Order Is Erroneous. ................... 7

2.    The City Will Be Irreparably Injured If This Case Proceeds As A Class
      Action During The Pendency Of The Appeal. ........................................ 14

3.    The Issuance Of A Temporary Stay Will Cause No Substantial Injury To
      Plaintiffs. ............................................................................................... 17

4.    The Public Interest Favors Granting A Stay. ......................................... 18

CONCLUSION .................................................................................................. 20

CERTIFICATE OF CONFERENCE................................................................. 21

CERTIFICATE OF SERVICE .......................................................................... 21

# TABLE OF AUTHORITIES

*Page(s)*

***Cases***

*Allison v. Citgo Petroleum Corp.*,
   151 F.3d 402 (5th Cir. 1998) ................................................................... 13

*Berger v. Compaq Comput. Corp.*,
   257 F.3d 475 (5th Cir. 2001) ..................................................................... 8

*Clinton v. Jones*,
   520 U.S. 681 (1997) ................................................................................... 3

*Cruson v. Jackson Nat'l Life Ins. Co.*,
   No. 4:16-CV-00912, 2018 WL 2937471 (E.D. Tex. June 12, 2018) ............... 3, 16, 19

*Crutchfield v. Sewerage & Water Bd. of New Orleans*,
   829 F.3d 370 (5th Cir. 2016) ................................................................. 9, 11

*Cty. of Riverside v. McLaughlin*,
   500 U.S. 44 (1991) ................................................................................... 10

*DeCorte v. Jordan*,
   497 F.3d 433 (5th Cir. 2007) ................................................................... 13

*Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*,
   762 F.2d 464 (5th Cir. 1985) ............................................................. 15, 16

*Familias Unidas v. Briscoe*,
   619 F.2d 391 (5th Cir. 1980) ................................................................... 13

*In re First S. Sav. Ass'n*,
   820 F.2d 700 (5th Cir. 1987) ..................................................................... 3

*Houston-Hines v. Hous. Indep. Sch. Dist.*,
   No. CIV.A. H-04-3539, 2006 WL 870459 (S.D. Tex. Apr. 5, 2006) ........................ 11

*Ibe v. Jones*,
   836 F.3d 516 (5th Cir. 2016) ..................................................................... 7

*Maldonado v. Ochsner Clinic Found.*,
   493 F.3d 521 (5th Cir. 2007) ................................................................... 10

*Page(s)*

*Memphis Cmty. Sch. Dist. v. Stachura,*
477 U.S. 299 (1986) ........................................................................ 13

*Moreno v. Curry,*
No. 4:06-CV-238-Y, 2006 WL 3207984 (N.D. Tex. Nov. 7, 2006) .................... 11, 12

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
259 F.3d 154 (3d Cir. 2001) ............................................................... 4

*Nieberding v. Barrette Outdoor Living, Inc.,*
No. 12-2353-DDC-TJJ, 2014 WL 5817323
(D. Kan. Nov. 10, 2014) .............................................................. 16, 18, 19

*Owen v. Lash,*
682 F.2d 648 (7th Cir. 1982) ............................................................. 13

*Parrish v. Johnson,*
800 F.2d 600 (6th Cir. 1986) ............................................................. 13

*Pena v. Taylor Farms Pac., Inc.,*
No. 2:13-CV-01282-KJM-AC,
2015 WL 5103157 (E.D. Cal. Aug. 31, 2015) ....................................... 16, 18, 19

*Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.,*
482 F.3d 372 (5th Cir. 2007) ............................................................. 4

*Ruiz v. Estelle,*
650 F.2d 555 (5th Cir. 1981) ............................................................. 19

*Stirman v. Exxon Corp.,*
280 F.3d 554 (5th Cir. 2002) ............................................................. 6

*M.D. ex rel. Stukenberg v. Perry,*
675 F.3d 832 (5th Cir. 2012) ........................................................... 5, 6

*Tyson Foods, Inc. v. Bouaphaeko,*
136 S.Ct. 1036 (2016) ................................................................... 9

*United States v. Transocean Deepwater Drilling, Inc.,*
537 F. App'x 358 (5th Cir. 2013) ........................................................ 1

*Ward v. Hellerstedt,*
753 F. App'x 236 (5th Cir. 2018) ........................................................ 7

***Page(s)***

*Weingarten Realty Inv'rs v. Miller*,
    661 F.3d 904 (5th Cir. 2011) ................................................................ 17, 19

### Statutes

42 U.S.C. § 1983 .................................................................................... 13

TEX. CODE CRIM. PROC. § 17.033(a) ..................................................... 11

### Rules

FED. R. CIV. P. 23(a)(2) ............................................................................ 9

FED. R. CIV. P. 23(a)(4) ............................................................................ 7

FED. R. CIV. P. 23(b)(3) ....................................................................... 9-11

FED. R. CIV. P. 23(f) ................................................... 1, 3-4, 16-17, 20

FED. R. CIV. P. 26(b)(3) ........................................................................... 1

The City of Houston, Texas (the "City") submits this motion to stay proceedings in this case pending the resolution of the City's Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f).

## STATEMENT OF THE ISSUE

Whether this Court should stay these proceedings pending the resolution of the City's interlocutory appeal of the Court's order granting class certification?  A district court's ruling on a motion for stay pending appeal is reviewed for abuse of discretion. *United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 360 (5th Cir. 2013).

## BACKGROUND

On December 11, 2018, Plaintiffs filed a motion for class certification.  *Motion for Class Certification*, Document No. 86.  On July 3, 2019, this Court granted Plaintiffs' motion.  *Memorandum Opinion and Order*, Document No. 154.   Per Plaintiffs' request, the Court certified two classes under Federal Rule of Civil Procedure 26(b)(3):

**Class A**: All people arrested without a warrant after December 5, 2014, and detained by the City of Houston for more than 48 hours.

**Class B**: All people arrested without a warrant after December 5, 2014, and detained by the City of Houston for more than 24 hours and less than 48 hours.

*Id.* at 2.  Docket call is currently scheduled for September 9, 2019.  *Stipulation and Amended Scheduling Order*, Document No. 137.

Pursuant to Federal Rule of Civil Procedure 23(f), the City intends to file a petition for permission to appeal this Court's class certification ruling with the Fifth Circuit by July

17, 2019.  This Court should stay all further proceedings pending the Fifth Circuit's ruling on the City's petition, and if the petition is granted, pending the final resolution of the appeal.

## SUMMARY OF THE ARGUMENT

This Court should stay these proceedings pending the City's appeal of the Court's order granting class certification.  The Fifth Circuit is likely to reverse or modify the Court's order such that the results of the City's appeal will have a fundamental impact on the future of this case.  Among other problems, no proper class could be certified here because Plaintiffs failed to establish that the named plaintiffs are adequate class representatives.  Further, adjudication of Plaintiffs' claims will require the Court to resolve a variety of individualized questions—including the damages incurred by each plaintiff—that are not amenable to class action treatment.  Absent a stay, the City will be required to proceed through additional discovery and trial in a class action format, all of which will impose unrecoverable costs on the City that will be unnecessary if the Fifth Circuit reverses the class certification order.  Allowing this case to proceed in a class action format before the City's appeal is decided will effectively moot the appeal and deprive the City of its right to seek immediate review of the Court's order.  These harms to the City greatly outweigh the minimal harm Plaintiffs may suffer if this case is temporarily stayed so that the class certification question can be finally resolved.  The Court should issue a stay to conserve the parties' time and resources and the Court's own judicial resources until the Fifth Circuit clarifies whether this case should proceed as a class action.

## **ARGUMENT**

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  An appeal brought pursuant to Rule 23(f) does not automatically stay proceedings in the district court, but the district court or court of appeals may order a stay.  *See* FED. R. CIV. P. 23(f).  Although the Fifth Circuit has not articulated a specific standard applicable to stays in the context of Rule 23(f) appeals, district courts in this Circuit generally apply the traditional four-part test applicable to stays pending appeal.  *See, e.g.*, *Cruson v. Jackson Nat'l Life Ins. Co.*, No. 4:16-CV-00912, 2018 WL 2937471, at *1 (E.D. Tex. June 12, 2018).  Under that test, courts determine whether to grant a stay by considering (1) whether the movant has shown a likelihood of success on the merits, (2) whether the movant has shown that it will suffer irreparable injury if the stay is not granted, (3) whether granting the stay would substantially harm the other parties, and (4) whether granting the stay would serve the public interest.  *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987).  In order to establish its right to a stay, a stay applicant "need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."  *Id.*  All of the stay factors weigh in favor of granting a stay of these proceedings until the propriety of this Court's class certification order can be finally resolved.

1.  **The City Will Likely Succeed On The Merits Of Its Appeal Of This Court's Class Certification Order.**

The City has a high likelihood of success on the merits of its appeal. At minimum, the City has a substantial case on the merits of the appeal and the appeal will involve serious legal questions that warrant granting a stay of these proceedings.  As an initial matter, the City will likely be granted permission to appeal this Court's class certification decision.  A court of appeals has "unfettered discretion whether to permit the appeal."  FED. R. CIV. P. 23(f) advisory committee's note to 1998 amendment.  Therefore, petitions for permission to appeal can be granted for any number of reasons—for example, because the class certification order will pressure the defendant to settle, the appeal involves unsettled legal questions, or the certification order is erroneous.  *E.g.*, *Regents of Univ. of Cal. v. Credit Suisse First Bos. (USA), Inc.*, 482 F.3d 372, 379 (5th Cir. 2007); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 163-65 (3d Cir. 2001).  As discussed below, this Court's class certification order contains errors and raises important legal questions such that the Fifth Circuit will likely accept the City's appeal.  The City will also likely succeed on the merits of its appeal because this Court's order did not conduct the detailed analysis of class certification issues required by Fifth Circuit precedent, and the class certification decision is wrong on the merits.

A.  **The Court Failed To Conduct A Rigorous Analysis In Support Of Its Class Certification Order.**

The Court's certification order will likely be vacated for failure to conduct a rigorous analysis of the certification question.  "It is well-established that [a] district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class."

*M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012) (internal quotation marks omitted).  This directive requires district courts to "look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Id.* (internal quotation marks omitted).

In its class certification order, this Court does not conduct the rigorous analysis required by this authority in several respects.  Take, for example, the Court's analysis of commonality and adequacy.  With respect to commonality, the Court's determination is essentially limited to a single sentence. *Memorandum Opinion and Order*, Document No. 154 at 7 ("In this case, there are questions of law and fact that are common to the class, such as whether the City has a policy or follows an alleged practice or custom of overdetention and whether such overdetention violates the Constitution and/or Texas law.").  The City, however, argued at length to this Court that the commonality requirement was not satisfied because (1) with respect to Class A, the City will be required to present individualized defenses as to whether extraordinary circumstances justified each person's detention, and (2) with respect to Class B, each class member will be required to prove on an individual basis why his detention was unreasonable. *Response to Motion for Class Certification*, Document No. 112 at 17-20.  The Court's order does not substantively engage with the City's arguments.  Rather, it merely states its conclusion that "[t]hese alleged disparities, without more, are insufficient to defeat the commonality requirement." *Memorandum Opinion and Order*, Document No. 154 at 6.  But it was not the City's burden to *defeat* the commonality requirement; it was Plaintiffs' burden to establish it.  In any

-5-

case, if the Court decided to reject the City's argument, it was required to "do so with reference to the elements and defenses and requisite proof for each of the proposed class claims in order to ensure that differences among the class members do not preclude commonality." *Perry*, 675 F.3d at 843-44. The Court's conclusory rejection of the City's commonality arguments falls short of the rigorous analysis required by Fifth Circuit precedent. *See id.* at 842-45 (vacating class certification order because of district court's insufficient analysis of comparable argument that individualized issues precluded a finding of commonality).

Similarly, with respect to adequacy, this Court concluded that the named plaintiffs were adequate representatives because they "share the same interests as the putative class members…and have a general understanding of their position as plaintiff representatives and knowledge concerning the wrongdoing alleged against the class as a whole." *Memorandum Opinion and Order*, Document No. 154 at 9. But the Court never engaged with the "relevant facts" necessary to allow it to make a "meaningful determination" on the adequacy question. *Perry*, 675 F.3d at 837. Specifically, the City brought forward extensive evidence showing that the named plaintiffs in fact had no knowledge of the case that would allow them to act as adequate class representatives. *Response to Motion for Class Certification*, Document No. 112 at 11-15. The Court's opinion does not purport to engage with the evidence cited by the City, nor does it cite any evidence to support its determination that the named plaintiffs are adequate representatives. This is not the "rigorous analysis" Fifth Circuit precedent requires. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (merely stating that "no conflicts exist to preclude certification"

was not a rigorous analysis of adequacy where multiple issues regarding plaintiff's adequacy had been raised but never addressed by the court).  The absence of a fulsome analysis of the class certification issues in dispute here will alone warrant reversal of this Court's order.

### B.    The Court's Class Certification Order Is Erroneous.

The Court's certification order contains errors that are likely to be corrected on appeal.  Among other problems that will be addressed in the City's briefing on appeal, this Court erred in granting certification because the named plaintiffs are not adequate class representatives, and the relevant claims and defenses raise highly individualized issues that are not appropriate for determination in a class action format.

Class certification is appropriate only where "the representative parties will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  "This standard requires the class representatives to possess a sufficient level of knowledge and understanding to be capable of controlling or prosecuting the litigation."  *Ibe v. Jones*, 836 F.3d 516, 529 (5th Cir. 2016) (internal quotation marks omitted).[1]  Plaintiffs did not even attempt to meet their burden to make this showing in their motion for class certification. Rather, Plaintiffs' motion merely stated that "Plaintiffs are adequate representatives of the

---

[1] Plaintiffs have argued that the requirement that class representatives have sufficient knowledge and capability of controlling the litigation applies only in securities cases. *Reply in Support of Class Certification*, Document No. 115 at 9.  This is simply not true. The Fifth Circuit has not limited this requirement to securities cases.   *See Ward v. Hellerstedt*, 753 F. App'x 236, 247 (5th Cir. 2018) (adequacy requirement includes "the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees").

class.  Each suffered the same harm visited upon the class, and there are no known or potential conflicts of interest between the named Plaintiffs and the other class members." *Motion for Class Certification*, Document No. 86 at 11.  Plaintiffs cited no evidence to show that the individual plaintiffs would be adequate representatives.  Rather, Plaintiffs relied on the qualifications of class *counsel* to satisfy the adequacy requirement.  *Id.* at 11-12.

But the adequacy of class counsel alone is insufficient to establish that each individual plaintiff can adequately serve as a class representative.  The Fifth Circuit has explained that "it is not enough that plaintiff's counsel are competent if the plaintiffs themselves almost totally lack familiarity with the facts of the case."  *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 483 n.18 (5th Cir. 2001).  In keeping with this standard, the City brought forward evidence to show that Plaintiffs could not serve as adequate class representatives because they did not have a basic idea of what this case was about or their role as class representatives.  *See Deposition of Eric Aguirre*, Document No. 112, Ex. A at 40:13-41:9 (testifying that this case is "[a]bout the jail system," specifically that "our rights are being violated when we're in jail" because people are "[b]eing treated like animals and not pay – not paying attention to people that need help, people that are in there for the wrong incarcerations, when you're innocent sometimes."); *id.* at 134:23-135:10 (testifying that he was bringing this lawsuit "because the jail system is messed up.  People are not doing their jobs right.  We've all suffered and had losses and damages towards this because you – from – I mean, just from experience, food they give you, trash.  Bathrooms are basically, you can say, a sewer.  They don't clean them.  They don't do no disinfect.

Nothing."); *Deposition of Juan Hernandez*, Document No. 112, Ex. C at 35:16-36:5 (testifying that he did not know what it meant to be a class representative, but he "just said [he'd] do it").

For the first time in their reply brief, Plaintiffs attempted to cite evidence showing that Aguirre and Hernandez were familiar with this litigation. *Reply In Support of Class Certification*, Document No. 115 at 6-8. Plaintiff cited *no* evidence to support the adequacy of the named plaintiffs as class representatives in their actual motion, even though they were required to make a showing of adequacy under Rule 23. In any case, the few out-of-context statements cited by Plaintiffs in their reply brief are insufficient to establish the adequacy of Aguirre and Hernandez as class representatives. Plaintiffs' failure to meet their burden on the adequacy element should have foreclosed class certification, and this Court erred in concluding otherwise.

Further, the Court erred in granting certification because this litigation will require the resolution of individualized issues that are not amenable to class action treatment. Under Rule 23(a)(2), Plaintiffs were required to show that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). And in order to show that certification was appropriate under Rule 23(b)(3), Plaintiffs were required to establish that "questions of law or fact common to class members predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3). Individual questions are those that require the presentation of evidence "that varies from member to member," whereas common questions involve those where the same evidence will suffice for each member. *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 376 (5th Cir. 2016) (citing *Tyson*

*Foods, Inc. v. Bouaphaeko*, 136 S.Ct. 1036, 1045 (2016)).  The predominance inquiry under Rule 23(b)(3) is more demanding than Rule 23(a)'s commonality requirement, and "requires courts to consider how a trial on the merits would be conducted if a class were certified." *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 525 (5th Cir. 2007).  This Court concluded that common factual and legal issues predominated over individualized issues. *Memorandum Opinion and Order*, Document No. 154 at 11.  The Court determined that this case presented common issues, "such as whether the City has a policy or follows an alleged practice or custom of overdetention and whether such overdetention violates the Constitution and/or Texas state law." *Id.* at 7.

But the question of whether the City's purported policy constitutes a violation of law, as applied to each class member, requires individualized consideration and evidence that cannot be addressed on a class action basis.  Importantly, the Supreme Court has clarified that where a plaintiff receives a probable cause determination within 48 hours of his arrest, such detention will generally be constitutional, and the plaintiff will have the burden of proof to show that the probable cause determination was delayed unreasonably. *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991).  By contrast, where a plaintiff does not receive a probable cause determination within 48 hours, the burden of proof shifts to the government to show the existence of a bona fide emergency or other extraordinary circumstances justifying the delay. *Id.* at 57.  Under this framework, as to Class A (people detained for more than 48 hours), the City will have the burden to prove that there were extraordinary circumstances justifying each individual's detention longer than 48 hours. But as to Class B (people detained for more than 24 hours but less than 48 hours), each

plaintiff will have the burden to show that his probable cause hearing was unreasonably delayed.[2]   These inquiries will necessarily require the presentation of individualized evidence that "varies from member to member" as to what "extraordinary" circumstances existed in the case of each member of Class A, and as to how the detention of each member of Class B was "unreasonable."  *Crutchfield*, 829 F.3d at 376.  This individualized evidence cannot practically be presented at trial in the context of a class action.  *See* FED. R. CIV. P. 23(b)(3) (class action must be "superior to other available methods for fairly and efficiently adjudicating the controversy").

Determination of the damages incurred by each class member will also require individualized determinations that cannot be resolved in a class action.  Plaintiffs have argued that damages can be determined on a class basis based on its "hourly damages model"—*i.e.*, that each plaintiff can be awarded the same amount of compensatory damages based on each hour they were improperly detained.  *Reply in Support of Class Certification*, Document No. 115 at 20.  The Court accepted Plaintiffs' damages-per-hour theory, concluding that individual variations in damages did not preclude class certification

---

[2] Plaintiffs argue that this framework does not apply to Class B because the claims underlying Class B are based on violations of Texas state law, not the United States Constitution.  *Reply In Support of Class Certification*, Document No. 115 at 11 & n.15 (citing TEX. CODE CRIM. PROC. § 17.033(a)).  But, as courts have repeatedly held, there is no private right of action for violations of the Texas Code of Criminal Procedure.  *See Houston-Hines v. Hous. Indep. Sch. Dist.*, No. CIV.A. H-04-3539, 2006 WL 870459, at *5 n.6 (S.D. Tex. Apr. 5, 2006) ("Plaintiff has cited no legal authority for a claim in a civil lawsuit based on a violation of the Texas Code of Criminal Procedure, and this Court's research has revealed none."); *see also, e.g., Moreno v. Curry*, No. 4:06-CV-238-Y, 2006 WL 3207984, at *2 (N.D. Tex. Nov. 7, 2006).

because "the plaintiffs seek to litigate only the issue of general damages on a class wide basis." *Memorandum Opinion and Order*, Document 154 at 11.

This Court's approach to damages is fundamentally flawed as a matter of law and cannot justify certification of a class. Plaintiffs do not intend to offer any proof of *actual injury* on a class wide basis. Instead, Plaintiffs argue that the class members suffered some *presumed* injury for every hour they were unlawfully detained, and should be awarded "general damages" as a result.[3] *See Motion for Class Certification*, Document No. 86 at 6-7, 14. This damages theory conflicts with binding precedent from both the Fifth Circuit and the Supreme Court requiring proof of actual injury in section 1983 actions. In support of their approach, Plaintiffs have relied entirely on non-binding cases that have awarded presumed damages for loss of liberty. *Id.* at 14.

The Supreme Court has clearly held that "the abstract value of a constitutional right may not form the basis for § 1983 damages," and therefore "no compensatory damages c[an] be awarded for violation of [a constitutional right] right absent proof of actual injury."

---

[3] As explained in the City's pending motion for summary judgment, Plaintiffs' adherence to their "general damages" theory at every stage of this litigation precludes them from attempting to introduce any evidence of actual injury now. *Motion for Summary Judgment*, Document No. 145 at 14-17. Although Plaintiffs have suggested that individual class members who suffered particularly severe damages could have individual damages hearings, class counsel has indicated that they do not represent any individuals who they believe would assert such specialized damages. *Motion for Class Certification*, Document No. 86 at 7 & n.7. Moreover, Plaintiffs have stated that "[a]lthough some individual Plaintiffs might have significant specific damages, this case concerns *only* the general damages associated with illegal detention." *Id.* at 15 (emphasis added). Indeed, Plaintiffs have refused to provide documents in response to the City's discovery requests regarding actual damages, claiming that any such evidence is irrelevant because the named plaintiffs seek only general, per-hour damages.

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986).   In light of this unambiguous language, the Fifth Circuit has recognized that "[t]he Supreme Court has made abundantly clear…that private plaintiffs suing for violation of rights pursuant to 42 U.S.C. [§] 1983 are entitled to compensatory damages only upon proof of actual injury. Mere proof of the violation of a right will not support such an award of damages." *Familias Unidas v. Briscoe*, 619 F.2d 391, 402 (5th Cir. 1980).   Thus, the Fifth Circuit has explained in detail that "[c]ompensatory damages for emotional distress and other intangible injuries are not presumed from the mere violation of constitutional or statutory rights, but require specific individualized proof, including how each Plaintiff was personally affected by the discriminatory conduct and the nature and extent of the harm."   *DeCorte v. Jordan*, 497 F.3d 433, 442 (5th Cir. 2007); *see also Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 417 (5th Cir. 1998) ("Compensatory damages may be awarded only if the plaintiff submits proof of actual injury….The very nature of these damages, compensating plaintiffs for emotional and other intangible injuries, necessarily implicates the subjective differences of each plaintiff's circumstances; they are an individual, not class-wide, remedy.").

Courts have recognized that the Fifth Circuit's strict adherence to the "actual injury" requirement is contrary to the approach taken by other circuits.   *Parrish v. Johnson*, 800 F.2d 600, 608 n.13 (6th Cir. 1986) ("The Fifth Circuit is apparently following its decision in *Familias Unidas* and applying *Carey*'s actual injury requirement mechanically to the violation of all constitutional rights…."); *see also Owen v. Lash*, 682 F.2d 648, 658 (7th Cir. 1982).   Plaintiffs' damages theory is not permissible in the Fifth Circuit.   Because binding precedent unequivocally requires individualized proof of injury in this context, the

Court erred as a matter of law in granting class certification on the premise that presumed damages could be awarded on a class-wide basis.

Trial of Plaintiffs' claims will necessarily require individualized proof as to extraordinary circumstances justifying the detention of Class A members, the reasonableness of the detention of Class B members, and the damages incurred by each person. Therefore, individualized issues predominate in this case, and this Court erred in granting class certification. In light of the nature of these claims and the proof required, the City will likely succeed in showing on appeal that class certification was inappropriate.

**2.**      **<u>The City Will Be Irreparably Injured If This Case Proceeds As A Class Action During The Pendency Of The Appeal.</u>**

The City will be irreparably injured if it is required to litigate this case as a class action before receiving Fifth Circuit review of this Court's class certification order. Because the Court's class certification order is flawed, litigation of Plaintiffs' claims would likely require extensive post-certification discovery. A stay is warranted because the City will incur significant, unrecoverable costs if required to proceed through discovery on a class action basis, and its right to appeal may be defeated entirely. Plaintiffs allege that "the City detained at least 1,560 people in excess of 48 hours and at least 6,611 people in excess of 24 hours, all without the constitutionally required finding of probable cause." *Motion for Class Certification*, Document 86 at 3. The City disputes the accuracy of these figures. *Response to Motion for Class Certification*, Document 112 at 22. But even if a fraction of these people are members of the classes as defined by this Court, the costs of conducting discovery on a class-wide basis would be immense.

The nature of Plaintiffs' claims in this litigation require a highly individualized inquiry into the facts of each plaintiff's case.  As explained above, with respect to Class A, review of Plaintiffs' claims will require consideration of whether there are "extraordinary circumstances" that justified each class member's detention in excess of 48 hours.  Proper presentation of these individualized defenses will necessarily require discovery into the circumstances surrounding each class member's detention.  Similarly, with respect to Class B, Plaintiffs will be required to come forward with evidence that each class member's detention was unreasonable.  And with respect to all class members, discovery will be necessary to determine what damages they purportedly sustained as a result of their detention.[4]  The discovery necessary to allow each of the class members' claims to be investigated, to allow the City to mount a proper defense, and to properly calculate damages, will be costly and time consuming.  Moreover, before this discovery can even be conducted, this Court will be required to approve a trial plan.  Yet all of these costs will be entirely wasted if the Fifth Circuit ultimately decides that class certification is improper.

Although monetary harms are generally not considered "irreparable," that rule rests on the assumption that relief will be available at a later date to compensate for those harms. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 473 (5th

---

[4] As explained above and in the City's pending motion for summary judgment, the City denies that Plaintiffs have any right to recover damages on their claims, or offer additional damages evidence, in light of their decision to proceed only on their flawed "general damages" theory.  *See supra* n.3; *Motion for Summary Judgment*, Document No. 145 at 10-17.  If, however, the Court denies the City's motion for summary judgment and allows Plaintiffs to offer individualized damages evidence, significant discovery would be required.

Cir. 1985).  But "[t]he absence of an available remedy by which the movant can later recover monetary damages…may also be sufficient to show irreparable injury."  *Id.*  Here, the City has no means by which to recover the costs of unnecessary discovery later in this litigation.  As a result, although these harms are monetary, these harms are irreparable because the City has no means to redress them.  Accordingly, "[c]ourts have recognized that the cost of pretrial litigation and discovery for defending a class action lawsuit with numerous plaintiffs can amount to irreparable hardship."  *Cruson*, 2018 WL 2937471, at *5; *see Pena v. Taylor Farms Pac., Inc*., No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015) (costs of pre-trial litigation amounted to irreparable harm because the class evidence would be voluminous, the scope of discovery would likely be contested, and the appellate court's decision could render class discovery needless); *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014) (defendants would suffer irreparable harm in the absence of a stay because class discovery "would subject Defendants to risk of incurring substantial costs that may end up being duplicative, unrecoverable, and wasteful," and "[m]onetary losses that are not recoverable can constitute irreparable harm").  While some courts have concluded that litigation costs do not constitute irreparable harm, this position conflicts with the principle that monetary losses can constitute irreparable harm when those losses cannot be recouped.  *See Enter. Int'l, Inc.*, 762 F.2d at 473.

Further, allowing this litigation to proceed as a class action before the Fifth Circuit decides the merits of the City's appeal would severely undermine, if not moot entirely, the City's right to appeal provided by Rule 23(f).  Rule 23(f) was created to permit early review

of class certification issues for the very purpose of allowing the parties to avoid the costs and exposure of proceeding through the entire litigation under an erroneous class certification decision.  *See* FED. R. CIV. P. 23(f) advisory committee's note to 1998 amendment (noting that interlocutory review provided by Rule 23(f) addresses concerns that an order granting certification would "force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability").  If the City is forced to proceed through discovery on a class basis, the purpose of the City's Rule 23(f) appeal will be severely undermined.  Moreover, docket call is currently scheduled for September 9, 2019.  *Stipulation and Amended Scheduling Order*, Document No. 137.  Under the current schedule, the City's Rule 23(f) appeal will not be resolved prior to the time of trial.  If this case proceeds through trial as a class, the City's Rule 23(f) appeal will be moot and its right to seek immediate review of this Court's class certification decision will be rendered meaningless.  The City will be irreparably injured if it is denied the right to appeal provided to it by the rules.  This Court should order a stay to prevent irreparable harm to the City, and maintain the integrity of the City's right to appeal under Rule 23(f).

## 3. <u>The Issuance Of A Temporary Stay Will Cause No Substantial Injury To Plaintiffs.</u>

While the City will be irreparably injured if the case proceeds as a class action during the pendency of its appeal, Plaintiffs will suffer no significant injury as a result of the stay.  Although a stay may temporarily delay Plaintiffs' ability to pursue their claims, this alone is not enough to weigh against the issuance of a stay pending appeal.  *See Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011) (third factor weighed

in favor of granting stay where "[t]he only potential injury faced by [appellee] is delay in vindication of its claim"); *Nieberding*, 2014 WL 5817323, at *4 (harm to plaintiffs from delay "is outweighed by the greater harm to Defendants in requiring them to proceed with a scheduling conference, discovery on the identities of potential class members, and preparing for a class trial during the interlocutory appeal of the order granting class certification").

Further, here, Plaintiffs merely seek monetary damages in this litigation. *Second Amended Class Action Complaint*, Document 89 at 23. If Plaintiffs succeed on their claims, the delay associated with a stay will not prevent them from seeking full monetary compensation at the end of this litigation. *See Pena*, 2015 WL 5103157, at *6 (delay resulting from stay did not tip balance of hardships in plaintiffs' favor because "[t]he plaintiffs seek only damages, not an injunction, and appropriate relief can offset any harm arising from delayed monetary payments").

In any event, as noted above, a stay will protect against a significant waste of time and resources in this case. The stay will prevent Plaintiffs from incurring substantial expense associated with class-wide discovery that will be unnecessary if the Fifth Circuit reverses this Court's class certification order. Accordingly, a stay will cause no substantial harm to Plaintiffs and will ensure that Plaintiffs do not needlessly incur additional costs in this litigation.

**4.   The Public Interest Favors Granting A Stay.**

The public interest favors staying these proceedings until the Fifth Circuit can determine whether this case should proceed in a class action format. As explained above,

the City's appeal will raise serious questions regarding the propriety of this Court's class certification order.  A stay is in the public interest because it will prevent costly litigation that will be rendered pointless by a Fifth Circuit reversal.  *See Pena*, 2015 WL 5103157, at \*6 (public interest favored granting stay to "avoid unnecessary litigation" because the landscape of the case would depend heavily on the results of the appeal, including review of the district court's class certification order); *Nieberding*, 2014 WL 5817323, at \*5 ("[T]he public interest is best served by not requiring Defendants to incur significant costs that may in the end be unnecessary and duplicative.").  A stay will ensure that taxpayer funds are used efficiently by preventing the City from expending funds defending against class action proceedings that may be needless.  *Cf. Ruiz v. Estelle*, 650 F.2d 555, 569 (5th Cir. 1981) (public interest was served by granting a stay to relieve the State of "personnel and monetary burdens" required to comply with the district court's injunction).

If the case proceeds as a class, this Court will likely be required to expend significant effort managing class-wide discovery and disputes between the parties arising out of that discovery.  These efforts will be wasted if the Fifth Circuit ultimately determines that class certification is inappropriate.  Here, the "public policy of efficient allocation of judicial resources" counsels in favor of granting the stay during the pendency of the appeal.  *Cruson*, 2018 WL 2937471, at \*5; *see also Weingarten*, 661 F.3d at 913 (public policy of preserving judicial resources from the risk of reversal may favor staying district court proceedings where a difficult question is presented on appeal).  Accordingly, the public interest favors staying this litigation until the correctness of this Court's class certification decision can be determined.

-19-

## CONCLUSION

For these reasons, the City's motion to stay should be granted and all proceedings in this case should be stayed pending the resolution of the City's Rule 23(f) petition and appeal.

Date: July 10, 2019

OF COUNSEL:

**BRACEWELL LLP**
Nancy McEvily Davis
Texas State Bar No. 24078971
S.D. Bar No. 1365946
nancy.davis@bracewell.com
Jeremy W. Dunbar
Texas State Bar No. 24099810
S.D. Bar No. 3306021
jeremy.dunbar@bracewell.com
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 223-2300
Facsimile:  (800) 404-3970

**CITY OF HOUSTON**
Ronald C. Lewis
City Attorney

Donald J. Fleming
Section Chief, Labor, Employment,
and Civil Rights

Jennifer F. Callan
Senior Assistant City Attorney
Texas State Bar No. 00793715
S.D. Bar No. 22721
P.O. Box 368
Houston, Texas 77001-0368
Telephone: (832) 393-6286
Facsimile:  (832) 393-6259
jennifer.callan@houstontx.gov

Respectfully submitted,

*/s/ Sean Gorman*
Sean Gorman
Texas State Bar No. 08218100
S.D. Bar No. 10168
**BRACEWELL LLP**
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
Telephone: (713) 221-1221
Facsimile:  (800) 404-3970
sean.gorman@bracewell.com

**ATTORNEY-IN-CHARGE FOR THE CITY OF HOUSTON**

## CERTIFICATE OF CONFERENCE

I certify that on July 10, 2019, the City's counsel emailed Plaintiffs, informing Plaintiffs' counsel of the City's intent to file a motion to stay. The same day, Plaintiffs' counsel stated that Plaintiffs were opposed. Court intervention is therefore necessary.

*/s/ Jeremy Dunbar*
Jeremy Dunbar

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded by the Court's CM/ECF system on July 10, 2019 to the following counsel of record:

Alex S. Zuckerman
Stephanie M. Shimada
KIRKLAND & ELLIS LLP
601 Lexington, Ave.
New York, New York  10022

Anna G. Rotman
KIRKLAND & ELLIS LLP
609 S. Main Street
Houston, Texas  77002

Lenora Cohen
Amanda Elbogen
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California  90071

Ryan C. Downer
Charles Lewis Gerstein
CIVIL RIGHTS CORPS
910 17th Street NW, Suite 200
Washington, DC  20006

*/s/ Sean Gorman*
Sean Gorman