Case 4:16-cv-03577   Document 198   Filed on 03/18/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 18, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUAN HERNANDEZ, DEQUAN KIRKWOOD, MANUEL TREVINO, KENT WHEATFALL, and ERIC AGUIRRE, on behalf of themselves and all others similarly situated,<br>　　　　*Plaintiffs,*<br>v.<br><br>THE CITY OF HOUSTON, TEXAS,<br>　　　　*Defendant.* | §§§§§§§§§§§§ CIVIL ACTION NO. 4:16-cv-03577 |

# FINAL APPROVAL ORDER AND JUDGMENT

The Court has considered the Joint Motion for Final Approval of the Settlement and the exhibits thereto and the record in this case; and having held a Fairness Hearing on March 18, 2021, finds good cause to enter the following Final Approval Order.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

Final Approval of Settlement

1. This Order incorporates by reference the Settlement Agreement and the exhibits thereto.

2. The Court grants final approval of the Settlement Agreement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2) and due process requirements.

3. The Court finds that it has personal jurisdiction over all Class Members and that the Court has subject matter jurisdiction to approve the Settlement.

4. The Court finds that Named Plaintiffs and Class Counsel have adequately represented the Settlement Class; the Settlement Agreement was negotiated at arm's length; the relief provided for the Settlement Class is adequate taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief

to the Settlement Class, including the method of processing Class Member claims, (iii) the terms of the proposed award of attorneys' fees and reimbursement of costs and other expenses, as well as the Incentive Awards to the Named Plaintiffs, and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3); and the Settlement treats Class Members equitably relative to each other.

5. The Court certified two classes in this Action on July 3, 2019. Pursuant to the Court's Preliminary Approval Order, for purposes of Settlement only, the Settlement Class is as follows:

   a. "Class A" means all individuals arrested without a warrant from December 5, 2014 through July 3, 2019, and detained by the City of Houston ("the City") for more than 48 hours without receiving a neutral determination of probable cause within 48 hours.

   b. "Class B" means all individuals arrested without a warrant from December 5, 2014 through July 3, 2019, and detained by the City for more than 24 hours and less than 48 hours without a neutral determination of probable cause within 24 hours.

   c. Excluded from Class A are those individuals who (1) had outstanding warrants for his or her arrest at the time he or she was detained; (2) were hospitalized while in the City's custody and before receiving a neutral determination of probable cause; or (3) were subject to intergovernmental detainer, in accordance with the Settlement Agreement.

   d. Excluded from Class B are those individuals who (1) had outstanding warrants for his or her arrest at the time he or she was detained; or (2) were hospitalized while in the City's custody and before receiving a neutral determination of probable cause, in accordance with the Settlement Agreement.

Notice

5. The Court finds that the Class Notice and notice process (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best practicable notice; (iii) constituted notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class Members of the pendency of the Action, their right to object to the proposed settlement and to appear at the Fairness Hearing, and their right to obtain monetary and other relief; (iv) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (v) met all applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process.

Settlement Administrator

6. The Court approves Atticus Administration, LLC as the Settlement Administrator. The Settlement Administrator shall distribute and account for payments from the Settlement Fund as set forth in the Settlement Agreement.

7. Settlement Administrator shall file a final report of claims and settlement payments within 60 calendar days after the conclusion of all distributions from the Settlement Fund.

8. The Court approves an award of costs to the Settlement Administrator in the amount of $77,252.

Incentive Award

9. The Court approves Class Counsel's petition for Incentive Awards to Named Plaintiffs in the amount of $10,000 to each Named Plaintiff.

Requests for Exclusion

10. Any persons who submitted timely and proper Requests for Exclusion are excluded from the Settlement Class and are not bound by the terms of the Settlement Agreement or this

Final Judgment.

<u>Dismissal with Prejudice</u>

11. The Action is hereby dismissed with prejudice; provided, however, that this Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the distribution or allocation of the Settlement Fund; (iii) any request by Class Counsel for attorneys' fees, costs, and expenses from unclaimed funds; (iv) any request regarding Residual Funds pursuant to the *cy pres* doctrine; (v) the Class Members for matters relating to this Action; and (vi) the enforcement of the Protective Order (Dkt. No. 30).

12. The terms of the Settlement Agreement and of this Final Approval Order shall be binding on, and have *res judicata* and preclusive effect on, the City, Named Plaintiffs, and all Class Members (regardless of whether they received a distribution from the Settlement Fund), as well as their respective as their heirs, executors and administrators, successors, and assigns.

13. The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement. Named Plaintiffs and the Settlement Class members have conclusively compromised, settled, discharged, dismissed, and released all Released Claims against the City and the other Released Persons freely and voluntarily and upon the advice of Class Counsel.

<u>Appeal</u>

14. Only Class Members who submitted timely and proper objections may appeal this Final Judgment. Any Class Member who wishes to appeal the Final Judgment must post a bond with the Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

Injunction

15. All Class Members are forever enjoined and barred from (i) filing, commencing, prosecuting, intervening, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction relating to or arising out of the factual or legal allegations alleged in the Action, which were asserted or that could have been claimed, raised or asserted in the Action, and (ii) organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) relating to or arising out of the factual or legal allegations alleged in the Action, which were asserted or that could have been claimed, raised or asserted in the Action. All Class Members are hereby deemed to have forever released any and all matters, claims, and causes of action as provided for in the Settlement Agreement.

Other Provisions

16. This Court shall continue to enforce strictly the Protective Order in this case (Dkt. No. 30), and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions where appropriate.

17. The parties shall, pursuant to the terms and conditions of the Settlement Agreement, take all necessary and appropriate steps to execute the terms and conditions of the Settlement Agreement and this Final Judgment.

18. In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement before the Final Effective Date, the Settlement shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, the City, and Class Members.

It is so ORDERED.

SIGNED on March 18, 2021.

Kenneth M. Hoyt
United States District Judge